PER CURIAM.
Act 289 (House Bill 20) was enacted into law at the regular session of the Louisiana Legislature of 1970 and provided for a three thousand dollar annual salary increase to all Assistant District Attorneys throughout the state. The act further provided that the salary as increased would be “payable monthly by the state treasurer upon the warrant of each of said assistant district attorneys.” The salary increase became effective on August 1, 1970, but defendants-appellants, Roy R. Theriot, Comptroller of the State of Louisiana, and Mrs. Mary Evelyn Parker, Treasurer of the State of Louisiana, informed plaintiffs-appellees that their warrants for that portion of the salary which represented the salary increase enacted by Act 289 would not be honored or paid by the Treasurer. Warrants submitted for the August portion of the annual salary were not honored and were returned.
*51 At the same legislative session Act 11 (House Bill 200 and commonly referred to as the “General Appropriation Act”) was passed and therein made appropriation for the salaries of the Assistant District Attorneys but made no appropriation for the salary increase as provided for by Act 289. Additionally, Section 14 appeared for the first time in the General Appropriation Act and provided as follows:
“Section 14. Notwithstanding that the legislature previously has enacted or may hereafter enact legislation increasing the salary of a public official or employee whose salary is payable by the state treasurer upon warrant, such warrant for said increased salary shall not be honored unless and until funds for said salary increases are specifically appropriated therefor. The provisions of this Section shall remain in effect until a contrary intent is expressed specifically in legislation increasing said salary.”
Defendants-appellants contend that the above-quoted provision prohibits their honoring the warrants in the absence of a specific appropriation therefor. In this they are correct and the judgment of the lower court issuing a writ of mandamus to defendants-appellants to honor said warrants is recalled, vacated and set aside and the judgment of said court is reversed.
The trial court held that the identical issue was decided by this court in the case of Branton v. Parker, 233 So.2d 278 (La.App. 1st Cir. 1970), by analogizing that Section 14 above quoted was as prohibitive as Article 4, Section 1, of the Constitution, which article provided that no money shall be drawn from the public treasury except in pursuance of a specific appropriation made by law. Our decision in Branton was misinterpreted. In Branton we did not hold that whenever a legislative act made the salary of a constitutional officer payable by his own warrant, the same amounted to a specific appropriation therefor. In Branton we held that evidence of legislative intent to pay such salaries, coupled with the authority to draw on one’s own warrant, was sufficient legislative direction for the State Treasurer, or other appropriate officer or authority, to honor such warrants without further legislative action. We also held in Branton that any expression of legislative intent in matters of this nature would be liberally construed in favor of authorization to pay. In Bran-ton we also found such legislative intent present with no conditions or prerequisites imposed. We, therefore, deemed the authority self-operative. Here, however, the legislative intent to pay is expressly conditioned upon the occurrence of a stated prerequisite. Therefore, until the condition has been fulfilled, legislative intent is expressly lacking. Moreover, it cannot be denied that the Legislature has the authority to authorize a pay increase for constitutional officers payable on their own warrant and likewise to provide that the same not be honored until funds for the said salary increase are specifically appropriated therefor. In Branton a legislative act authorizing certain pay increases to various constitutional officers was being attacked as unconstitutional. Judge Landry as organ of the court prefaced his discussion of the constitutional attacks made on the act by setting out the general principles that the constitutionality of legislation is presumed until the contrary be shown, citing Interstate Oil Pipe Line Co. v. Guilbeau, 217 La. 160, 46 So.2d 113, that he who alleges the unconstitutionality of an act bears the burden of proof, citing Conway v. Lane Cotton Mills Co., 178 La. 626, 152 So. 312, and further that the validity of acts is to be upheld if at all possible with all doubt resolved in favor of legality and unconstitutionality will be decreed only when no other reasonable alternative presents itself, citing Buras v. Orleans Parish Democratic Executive Committee, 248 La. 203, 177 So.2d 576.
We specifically recognized in Branton the inherent legislative right of control over the public revenues, and the act (Act 11 of 1969) granting unto the officials *52 concerned the authority to withdraw from the general fund upon their own warrant manifested the legislative intent that the salary was to be paid and was a sufficient mandate for the Treasurer to pay the same. Thus, we in effect held that the act then in question was not in violation of the provisions of Article 4, Section 1, of the Constitution.
In the instant case, however, it is impossible to so construe Act 289 of 1970. In the absence of Section 14 of Act 11, we would be obliged to follow our pronouncement in Branton, but Section 14 makes the legislative intent crystal clear, i. e., that a warrant for the increased salary of a public official shall not be honored unless and until the funds for the said salary increase are specifically appropriated therefor.
There would be little quarrel with the right of the Legislature to have added a section to Act 289 providing that the pay raise set forth therein would not go into effect unless and until the funds were specifically appropriated therefor. The fact that the restriction is contained in Act 11 as Section 14 does not make it any the less effective. Here we are dealing with the implementation of a gratuitous pay raise over which the Legislature has complete authority. The instant case is therefore clearly distinguishable from the situation dealt with in State ex rel. Nunez v. Baynard, 15 So.2d 649 (La.App. 1st Cir. 1943), that is, one over which the Legislature has no discretion such as the salaries required by the Constitution to be paid to certain constitutional officers. In Nunez the court held specifically:
“In like manner, as we have already stated, section 62 of Art. 7 of the Constitution ordains that assistant district attorneys ‘shall each receive a salary of seven hundred and fifty dollars per an-num, payable by the State * * Again, we say, the Legislature has no other alternative but to make the necessary provision therefor in the general appropriation bill. And if the Legislature can exercise no discretion in the matter and has no other alternative than to carry out the provisions of the Constitution, we cannot understand from what source the Governor could derive the power to use his own discretion and change or annul its action.”
We affirm this principle but again state that it is inapposite to the instant case which deals with a matter completely within the Legislature’s authority.
Lastly, it is argued that inasmuch as Act 289 was passed subsequent to Act 11, it constitutes the latest expression of legislative intent so that Act 289 rather than Section 14 of Act 11 must be given effect. We do not agree with this contention.
It is our duty to harmonize and reconcile these two legislative acts so as to give effect to both of them if possible, State v. St. Julian, 221 La. 1018, 61 So.2d 464 (1952). We are of the opinion that there exists no irreconcilable conflict between these two acts, and the Legislature has properly authorized a pay raise by virtue of Act 289 but has restricted its implementation by virtue of Act 11, Section 14, by requiring a specific appropriation therefor, which the Legislature did not see fit to make at the 1970 session.
For the above and foregoing reasons, the decision of the trial court is reversed and the writ of mandamus issued to defendants-appellants, Mrs. Mary Evelyn Parker, Treasurer of the State of Louisiana, and Roy R. Theriot, Comptroller of the State of Louisiana, is recalled, vacated and set aside, at the cost of plaintiffs-appellees.
Reversed and writ of mandamus recalled, vacated and set aside.