ON REHEARING GRANTED
HENDRY, Judge.
A complaint was filed in DuVal County, Florida, and duly transferred to the circuit court in Dade County, Florida. It alleged that the defendant-appellees, Mr. and Mrs. Brantley, husband and wife, signed a promissory note on July 30, 1969 for $15,022.50 at 8 per cent interest due on or before November 15, 1969. The complaint filed by appellant-plaintiff Emhart Corporation d/b/a Wilson & Toomer Fertilizer Company further alleged that the note was not paid when due. Both husband and wife signed and sealed the note as makers; however, the note was not executed with all the formalities of a deed.
The order herein appealed is a final summary judgment. In pertinent part, it reads:
<( i{c 5{< íjt
“(d) The defendant, Robbie S. Bran-tley, urges as a defense and the plaintiff concedes that the note executed by her does not comply with the decisions under Section 1, Article XI, of the Constitution *274 of the State of Florida adopted in 1885 as amended, which provides as follows:
“ ‘Section 1. Separate property not subject to husband’s debts. — All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterward by a gift, devise, bequest, descent, or purchase, shall be her separate property and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women.’
“(e) The note sued upon was executed [on July 30, 1969,] after the effective date [that is, January 7, 1969,] of the Constitution of the State of Florida adopted at the general election of November 5, 1968, which provides at Section 5, Article X, as follows:
“ ‘Section 5. Coverture and Property. —There shall be no distinction between married women and married men in the holding, control, disposition, or encumbering of their property both real and personal; except that dower or curtesy may be established and regulated by law.’
“(f) It is unclear that Section 5, Article X,-of the new Constitution was intended to repeal the laws respecting conveyances by married women enacted pursuant to Section 1, Article XI, of the old Constitution and, accordingly, the defendant, ROBBIE S. BRANTLEY’S defense is found to be good.
“(g)' Upon motion previously made by the plaintiff, this Court entered Summary Final Judgment against the defendant, CHARLES E. BRANTLEY, on May 19, 1970.
“Upon consideration thereof, it is ADJUDGED :
“That judgment is entered against the plaintiff, EMHART CORPORATION, a corporation, d/b/a WILSON & TOOMER FERTILIZER COMPANY, and that the plaintiff take nothing by this action against the defendant, ROBBIE S. BRANTLEY, and that the defendant, ROBBIE S. BRANTLEY, go hence without day.”
The appellant’s sole point on appeal was that the lower court erred in failing to apply the constitutional mandate that there shall be no distinction between the property rights of married women and married men. After reading the briefs, hearing oral argument, and considering the brief record, this court entered a memorandum per curiam affirmance of the final judgment. Upon a timely petition for rehearing, we allowed oral argument of the matter raised in the petition. In pertinent part, the petition recited that:
« * * *
“3. This Court’s affirmance of the trial court results in a continuance of the distinction between married men and married women in the encumbering of their property subsequent to the effective date of the Constitution of the State of Florida adopted in 1968 until the effective date [that is, October 1, 1970,] of the repeal of Florida Statutes [1969] Section 708.02 [by Ch. 70-4, § 4, Laws of Florida 1970].”
In addition to the pertinent provisions of the Constitutions of 1885 and 1968 which we have already quoted, the following two sections of Article XII of the 1968 Constitution, F.S.A., are relevant to our discussion :
“§ 6. Laws preserved. — (a) All laws in effect upon the adoption of this revision, to the extent not inconsistent with it, shall remain in force until they expire by their terms or are repealed.
“(b) All statutes which, under the Constitution of 1885, as amended, apply to the state superintendent of public instruction and those which apply to the county superintendent of public instruction shall under this revision apply, re *275 spectively, to the state commissioner of education and the district superintendent of schools.
“§ 7. Rights reserved. — (a) All actions, rights of action, claims, contracts and obligations of individuals, corporations and public bodies or agencies existing on the date this revision becomes effective shall continue to be valid as if this revision had not been adopted. All taxes, penalties, fines and forfeitures owing to the state under the Constitution of 1885, as amended, shall inure to the state under this revision, and all sentences as punishment for crime shall be executed according to their terms.
“(b) This revision shall not be retroactive so as to create any right or liability which did not exist under the Constitution of 1885, as amended, based upon matters occurring prior to the adoption of this revision.”
Furthermore, § 708.02, Fla.Stat.1969, F.S. A., before its repeal, provided:
“All property real and personal, of a wife, owned by her before marriage or lawfully acquired afterward by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women.”
We have set out several of the pertinent constitutional and statutory provisions, and therefore begin our determination of the question of whether § 708.02, Fla.Stat. 1969, F.S.A. is “inconsistent” with the provisions of the 1968 Florida Constitution, and therefore whether the statute is preserved under Article XII, § 6 of the new Constitution. A fundamental rule of statutory construction is that a repeal by implication is not favored. In the application of that principle, repeal by implication is not only rarely found, but such repeal is strictly limited. Furthermore, courts will exercise judicial restraint to avoid declaring a statute unconstitutional, and will give it a construction, if reasonable, which would preserve the statute.
We have considered these well known guideposts, but nevertheless conclude that § 708.02, Fla.Stat.1969, F.S.A. was “inconsistent” with the new Constitution, and therefore it was not carried forward as a statute under the new Constitution.
In First National Bank of Leesburg v. Hector Supply Company, Fla.1971, 254 So.2d 777, at p. 780, the court said:
“. . . with the adoption of Article X, § 5, Florida Constitution of 1968, all distinctions between married men and women have been expressly abolished.”
In Ashmore v. Ashmore, Fla.App.1971, 251 So.2d 15, the present constitutional provision of Article X, § 5 is juxtaposed to Blackstone’s conception of the rights and duties of married women. In accordance with Florida law prior to the adoption of the new Constitution, the determination that the wife retained a domicile separate and apart from her husband was affirmed. This decision, while not conclusive and easily distinguishable from the instant case, lends some additional authority to the conclusion we reach herein, due to the dearth of decisions construing Article X, § 5. Our conclusion is buttressed by the action of the Legislature in enacting Ch. 70-4, Laws of Florida 1970, which was titled “An Act . . . conforming the general law of the state to Section 5 of Article X of the State Constitution, which abolishes the distinction between the property rights of married men and women; . . . ”
We note that a related issue was apparently not raised, and therefore we do not express a view as to its resolution. That issue is, whether Article XI, Section 1, Florida Constitution of 1885, as amended, was repealed by Article XII, Section 10, Florida Constitution of 1968, F.S.A.
*276 Therefore, upon the basis of the authorities cited and reasons stated we withdraw and vacate our memorandum opinion of December 7, 1971, and the opinion herein is made the decision of the court. The judgment appealed is reversed and remanded for further proceedings consistent with the views herein expressed.
It is so ordered.