353 So.2d 330 (1977)
Perry M. SEGURA, d/b/a Perry Segura & Associates
v.
LOUISIANA ARCHITECTS SELECTION BOARD et al.
No. 11589.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
Rehearing Denied December 28, 1977.
Writ Granted February 10, 1978.
*331 J. Burton Willis, St. Martinville, Max N. Tobias, Jr., New Orleans, William P. Brumfield, Baton Rouge, of counsel, for plaintiff-appellant Perry M. Segura, dba Perry Segura & Associates.
William J. Guste, Jr., Atty. Gen., Thomas S. Halligan, Patrick J. Briney and Kenneth *332 C. DeJean, Asst. Attys. Gen., Baton Rouge, of counsel, for defendants-appellees Louisiana Architects Selection Board, et al.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
BLANCHE, Judge.
Perry M. Segura, d/b/a Perry Segura and Associates, plaintiff-appellant, appeals from a denial of a rule to show cause why the defendants-appellees (hereinafter referred to as the "State") should not be condemned to pay costs or, alternatively, why the costs should not be refunded by various clerks of the courts through which the litigation has passed. The matter before us arises out of the principal action wherein Segura was granted a declaratory judgment affirming the existence of a contract between him and the State, allowing him a fee of $185,400 as designer of the Ellender Memorial Library at Nicholls State University, Thibodaux, Louisiana.
Segura brought his action in the appropriate district court which granted the declaratory judgment. The State appealed to the Court of Appeal, 1st Circuit, which held:
"The judgment appealed from is therefore affirmed. The State shall pay whatever costs it may be responsible for under the law." (340 So.2d 369, 371 [La.App. 1st Cir. 1976], writs refused, 342 So.2d 676 [1977]Emphasis ours)
Segura makes only one argument on appeal which we regard as meriting an answer. This argument puts at issue the constitutionality of LSA-R.S. 13:4521 which relieves the State of the payment of all costs except stenographers' costs for taking testimony. The text of the statute is as follows:
"Except as hereinafter provided, neither the state, nor any parish, municipality, or other political subdivision, public board or commission shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state or any such parish, municipality or other political subdivision, board or commission, in any court of this state or any municipality of this state, including particularly, but not exclusively, those courts in the Parish of Orleans and the City of New Orleans. This Section shall have no application to stenographers' costs for taking testimony. As amended Acts 1964, No. 509, § 1."
Segura contends that as a successful litigant costs should be assessed in his favor and against the State as the party cast as provided for in LSA-C.C.P. art. 1920. That article provides:
"Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
"Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable."
Segura argues that LSA-R.S. 13:4521 has been, in part, constitutionally overruled by the 1974 Louisiana Constitution in Article 12, § 10(A), which states:
"* * * Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property."
It is submitted that the costs expended by Segura to have a judicial declaration of his rights under a contract are elements of liability for which the State must be cast in judgment, and, as a consequence, LSA-R.S. 13:4521 is unconstitutional insofar as it relieves the State of liability for costs. The trial judge rejected this contention and we are of the opinion that he is correct.
The obligation to provide funds to support the courts of the State is a legislative function. It has absolute control over the finances of the State except as limited by constitutional provisions. Woodard v. Reily, 244 La. 337, 152 So.2d 41 (1963); Article 3, § 22, Louisiana Constitution of 1921; Article 3, § 16, Louisiana Constitution of 1974. It is the Legislature that decides how the branches and departments of government shall be funded from the public fisc. It could have provided such revenues in full in the General Appropriations *333 Act. However, it chose to fund the courts, in part, by assessing all litigants with costs of court, LSA-C.C.P. art. 1920, and exempting itself in part by virtue of the provisions of LSA-R.S. 13:4521. We do not find that Article 12, § 10(A), supra, has in any way limited the Legislature's power in this respect.
Moreover, we do not regard costs as the type of "liability" referred to in the aforesaid constitutional provision. Costs may or may not be an incident of liability under the provisions of LSA-C.C.P. art. 1920, since their assessment may be against any party the court may consider as equitable. We believe the intent of the constitutional provision was to do no more than abrogate the judicial doctrine of sovereign immunity and give constitutional sanction to the requirement that the State be amenable to suits on contracts and for injuries to persons and property without first obtaining the permission of the Legislature. Board of Commissioners of the Port of New Orleans v. Splendour Shipping & Enterprises Company, Inc., 273 So.2d 19 (La.1973), decided prior to the constitutional convention.
Segura's other attack on the constitutionality of the statute is that the failure to provide him a remedy to recover his costs and award him attorney's fees is a denial of due process of law in violation of Article 1, § 2 of the Louisiana Constitution of 1974 and a taking of property without just compensation in violation of Article 1, § 4 of the Louisiana Constitution of 1974. He is unable to refer us to any authority in support of this proposition, and we merely dismiss the same by stating that there has been no taking of his property as in expropriation suits for a public purpose under an exercise of eminent domain which he erroneously contends to be analogous.
Finally, Segura has asked this Court to require the Clerks of the various courts with whom he has made deposits to refund them. We believe our opinion adequately disposes of this contention. Furthermore, even were plaintiff entitled to such relief, we would be hard pressed to grant it in the absence of the various Clerks of Court having been made parties defendant.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at appellant's costs.
AFFIRMED.