Dear Dr. Cosper:
Your request for an attorney general's opinion has been assigned to this author. Specifically, you have asked the following questions:
 (1) Does the Legislature, through the appropriations bill, have the authority to "exclude" the staff members of the Board of Regents and the three management boards from "other employees at institutions of higher education" as far as giving raises to them are concerned?
 (2) Did the Commissioner of Higher Education have the legal authority to implement certain promotions and salary adjustments thirty (30) days after submitting full justification for the changes, and may he refuse to rescind same?
 (3) May the Division of Administration deny implementation of salary adjustments approved by the Board of Regents as EEO salary adjustments?
Regarding your first inquiry, it should be initially noted that Article 8, § 12 of the Louisiana Constitution of 1974 states that, "Appropriations for the institutions of higher education shall be made to their managing boards. The funds appropriated shall be administered by the managing boards and used solely as provided by law." The statutory scheme requires affected Louisiana colleges and universities to submit budgets to the Board of Regents who then submit their budget recommendations to the governor and the legislature. LSA R.S. 17:3121 et seq. The law also restates Louisiana Constitution Article 8, § 12
quoted above. LSA-R.S. 17:3129(c).
The appropriation bill was enacted as Act No. 12 of the 1991 regular session. Section 6 of the Act states that:
 Section 6. Any public official or employee who is not a member of the classified service and who is not an employee of an institution of higher education and whose salary is paid from an appropriation in this Act shall not receive an increase or increases in salary during the Fiscal Year 1991-1992 unless funds have been specifically provided for such an increase in this or any other Act of the legislature. Employees at institutions of higher education who possess faculty or equivalent rank are exempt from this provision. Other employees at institutions of higher education may receive increase or increases in salary during the fiscal year provided funds are available or can be generated within the institution's operating budget. Nothing in this Section should be construed to prohibit salary adjustments for individuals as a result of promotion or duty change. However, full justification for these changes shall be given to the governor, commissioner of administration and the Joint Legislative Committee on the Budget at least thirty days prior to implementation of the changes. Those adjustments necessary as a result of compliance with federal equal pay requirements or for faculty or equivalent ranks in higher education institutions will not require prior justification. For the purposes of this Section, institutions of higher education do not include the personnel of the higher education boards responsible for management and governance. (Emphasis supplied).
The above quoted section is substantially similar to language in the previous year's appropriation bill, § 6 of Act 21 of 1990, except that the underlined portions noted above in the 1991 Act were additions to the section as it was previously written. The last sentence of the above quoted section, which was added in 1991, prevented personnel at the boards from receiving raises. Your first inquiry asks if the legislature has the authority to do this.
The legislature has absolute control over the finances of the state except as limited by constitutional provisions. La. Const. Art. 3, § 16; Segura v. Louisiana Architects Selection Board, 353 So.2d 330 (1st Cir. 1977), remanded on other grounds 362 So.2d 498. One restriction upon the legislature's ability to appropriate is Louisiana Constitution Article 3, § 16(C), which states:
(C) General Appropriation Bill; Limitations
 The general appropriation bill shall be itemized and shall contain only appropriations for the ordinary operating expenses of government, public charities, pensions, and the public debt or interest thereon.
The above language has been interpreted as requiring that legislative conditions and limitations in an appropriation bill must exhibit such a connexity with money items of appropriation that they logically belong where they are located. Henry v. Edwards, 346 So.2d (La. 1977). Legislative control cannot be exercised in a manner that would encumber a general appropriation bill with veto-proof "logrolling measures", special interest provisions which could not succeed if separately enacted, or "riders", substantive pieces of legislation incorporated in a bill to insure passage without veto. Henry, supra. The Court noted in Henry that the ultimate test is one of appropriateness.
The last sentence of the above quoted § 6 has the effect of eliminating "personnel of the higher education boards responsible for management and governance" from an exception to the general policy stated in the first sentence of § 6 of not being eligible for a salary increase. For the purposes of this opinion, I will assume that the term "personnel" is the functional equivalent of "officers and employees" but does not include board members, who receive a per diem established by statute. LSA R.S. 17:3206. I will also assume that the phrase "education boards responsible for management and governance" includes the Board of Supervisors of Southern University, the Board of Supervisors of Louisiana State University, the Board of Trustees and the Board of Regents.
The power to fix the compensation of officers and employees of "the board" is given to the respective board. LSA R.S.17:3301(c). The power to "fix compensation" would include the power to initially establish, as well as increase or decrease. For purposes of LSA R.S. 17:3301(c), "the board" is defined as the Board of Supervisors of Louisiana State University, the Board of Trustees "and any other board vested with the supervision and management of institutions of higher education hereafter created". LSA R.S. 17:3201. The Board of Regents is not specifically mentioned in the above article. However, it is a higher education board vested with certain management functions. La. Const. Art. 8 § 5 (E). It would therefore possess authority granted by LSA R.S. 17:3301(c).
The last sentence of § 6 appears to be contrary to LSA R.S.17:3301(c). Therefore, the restriction placed in the appropriation bill, in effect, amends substantive legislation. As such, the restriction would appear to be a "rider", i.e. a substantive piece of legislation incorporated in an appropriation bill. The restriction would thus appear to be inappropriate to an appropriation bill.
This office has been called upon to address similarly restrictive language in a previous appropriation bill. In Attorney General Opinion Number 89-25, this office examined language that sought to restrict eligibility for supplemental pay benefits, contrary to substantive law. The opinion concluded that it was unconstitutional for the general appropriation bill to contain substantive provisions repealing or modifying eligibility for supplemental pay guaranteed under statutory law. The opinion concluded such language "is without legal effect and was null and void ab initio at its enactment". In sum, the legislature does not have the authority to exclude certain of the staff of the boards of management over Southern, L.S.U., Trustees and Regents from a definition of "other employees at institutions of higher education" for purposes of granting raises.
Concerning your second request, above quoted Section 6 indicates that while certain raises, as a result of promotion or duty change, should not be considered to be prohibited, "full justification for these changes shall be given to the governor, commissioner of administration and the Joint Legislative Committee on the Budget at least thirty days prior to implementation of the changes." In other words, such raises are not prohibited or invalid ab initio and may be implemented if, "prior to implementation of the changes," the noted entities receive full justification within the noted time frame. In sum, it would appear that the Commissioner of Higher Education had the legal authority to implement certain promotions and salary adjustments 30 days after submitting full justification for the changes and he does appear to have the legal authority to refuse to rescind same.
Concerning your third inquiry, above quoted Section 6 notes that, "Those adjustments necessary as a result of compliance with federal equal pay requirements or for faculty or equivalent ranks in higher education institutions will not require prior justification." It would not appear under the above language that the Division of Administration may deny implementation of salary adjustments approved by the Board of Regents as EEO salary adjustments.
I trust this responds to your inquiries. If I might be of any further assistance, please do not hesitate to contact me.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES C. HRDLICKA Assistant Attorney General
JCH/vls-0789q