Dear Mr. Hodgkins:
This opinion involves an interpretation of LSA-R.S.15:824(B)(1)(a) and Act 15 of 1993, the General Appropriations Act for 1993-1994.
Each parish sheriff receives a per diem from the Department of Public Safety and Corrections for the housing of state inmates in parish jail facilities. This payment is provided by LSA-R.S.15:824(B)(1)(a), which states in part:
 ". . . the department shall pay to each parish sheriff, or to the governing authority of those parishes in which the governing authority operates the parish jail, for keeping and feeding the individual in the parish jail the sum of twenty-one dollars per day from date of sentencing until the individual is confined in a penal or correctional institution under the supervision of the department." (Emphasis added).
The use of the word "shall" suggests that the twenty-one dollar per diem payment is mandatory. (See LSA-R.S. 1:3 regarding statutory construction.) Further, the per diem paid to sheriffs for housing state inmates in parish jails was increased from eighteen dollars and twenty-five cents to twenty-one dollars by Act 988 of the 1991 Regular Legislative Session.
The pertinent portion of the general appropriations bill, Act 15
of 1993, provides in Schedule 8 the legislative appropriation payable to the sheriffs for the housing of these state inmates. We restate that portion as provided therein.
SHERIFFS' HOUSING OF STATE INMATES
FOR:
Sheriffs' Housing of State Inmates $32,353,551
TOTAL EXPENDITURES $32,353,551
FROM:
State General Fund (Direct) $32,353,551
TOTAL MEANS OF FINANCING $32,353,551
 The Law Enforcement Districts of the parishes of Bossier, Grant, Morehouse, Natchitoches, Rapides, Sabine, St. Mary, Vernon and West Baton Rouge are eligible and authorized to receive the additional payments of seven dollars per day for every prisoner housed pursuant to the provisions of Paragraph (1) of R.S. 15:824(D) upon execution and approval of a "Cooperative Endeavor Agreement" with the Department of Public Safety and Corrections.
* * *
This appropriation is an estimated one, as the exact number of state inmates to be housed during the fiscal year is unknown at the time the legislature makes the appropriation. Traditionally, a supplemental appropriation is made by the legislature to pay the entirety of this expense.
You inquire whether the funds appropriated may legally be disbursed to each sheriff at eighteen dollars and twenty-five cents per state inmate per day, an amount less than the twenty-one dollars now fixed by statute. For the following reasons, this office is of the opinion that the Department of Corrections must pay each sheriff twenty-one dollars per state inmate per day until such time as the appropriation is exhausted.
A substantive statute and the general appropriations act must be construed together so as to give effect to both legislative acts if possible. LSA-C.C. Art. 17; State ex. rel Assistant District Attorneys Association v. Theriot, 242 So.2d 49 (La.App. 1st. Cir. 1970), writ den., 257 So.2d 275 (La. 1971).
While Act 15 of 1993 is controlling as the latest expression of legislative intent, such a conclusion is not determinative of the issue, as we find no conflict between the language of these legislative enactments. Pursuant to its power to appropriate funds to operate state government, the legislature has appropriated monies for the housing of state inmates, and further afforded each sheriff by prior substantive enactment the right to receive a twenty-one dollar per diem per inmate, payable from the monies appropriated for that purpose.
Inherent in the power of appropriation afforded the legislature is the power to specify how the money should be spent. "Therefore, in addition to distinct `items' of appropriation, the legislature may include in an appropriation bill qualifications, conditions, limitations or restrictions on the expenditures of funds." Henry v. Edwards, 346 So.2d 153 (La. 1977), at page 157. We find no such directory language in Section 8 concerning the expenditure of these monies which would contravene the mandatory language of LSA-R.S. 15:824(B).
Finally, the constitution limits the content of an appropriations bill to "items of appropriation of money". Henry v. Edwards, supra, 346 So.2d at 157; LSA-Const. Art. III, § 16(c). This office has previously concluded that the principal constitutional restraint of LSA-Const. Art. III, § 16(c) is to forbid the enactment or repeal of substantive laws by inclusion in the appropriations bill. It is unnecessary to further examine this realm of the law, as the legislature did not include language within the appropriations bill imposing a per diem less than the statutorily prescribed sum of twenty-one dollars, thereby arguably divesting the sheriffs of substantive rights. See Attorney General Opinion Number 89-25, a copy of which is enclosed.
Should you have further questions in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0269E