Dear Mr. Manning:
On behalf of the Department of Economic Development, you have requested the opinion of this office regarding the status of the Louisiana Small Business Bonding Assistance Program (the "SBBAP"), which was established by Act 851 of the 1990 Regular Legislative Session ("Act 851"), enacting R.S. 51:1521, et seq.
As noted in your letter, Section 3 of Act 851 provided in part, "This Act shall remain in effect until June 30, 1993", which date coincided with the July 1, 1993 date set by R.S.49:191(4)(b) for the commencement of the termination of the Department of Economic Development ". . . and all statutory entities made a part of the Department by law." Of course, the Department of Economic Development "and all statutory entities made a part of that department by law", were re-created pursuant to Act 919 of the 1993 Regular Session, effective July 1, 1993.
You have also advised us that a specific line item appropriation of $100,000 was made for the SBBAP in the general appropriations bill for the current fiscal year, Act 14 of the 1993 Regular Legislative Session (the "Appropriations Act"), and that the Appropriations Act also authorized two positions for the program.
The Department of Economic Development is interested in determining whether the appropriation made for the SBBAP may be legally expended. Therefore, you have asked this office to address the following specific questions:
1. Did the SBBAP expire on June 30, 1993 as provided in Act 851 of 1990, or was it re-created by Act 919 of 1993?
2. If the program expired, are the two positions referred to in the Appropriations Act authorized?
3. May the appropriation made to the SBBAP be legally expended by the Department of Economic Development to pay the salaries of incumbents of the positions referred to in the Appropriations Act?
In answer to your first question, it is the opinion of this office that the SBBAP expired on June 30, 1993, in accordance with the provisions of Act 851 of 1990, and that it was not re-created by Act 919 of 1993. In our opinion, the SBBAP is a "program", as opposed to a "statutory entity", and it was, therefore, not included in the re-creation of the Department of Economic Development.
We note, as you did, that R.S. 49:190(1) defines ". . . statutory entity" as "any `agency', `department', or `office' as defined in R.S. 36:3." We are also aware that the definitions contained in R.S. 36:3 are quite broad. However, R.S. 49:190(5) provides a separate definition for the word "program", which, in our opinion, denotes the Legislature's intent that "programs" and "statutory entities" would be treated differently.
Furthermore, it is clear in the statutes relating to the termination and re-creation of statutory entities that "statutory entities" and "programs" are to be considered as two distinct concepts. For example, R.S. 49:193(D)(2) provides that the standing committees shall make evaluations for the purpose of achieving "the elimination or consolidation of entities, programs, or activities" which are duplicative of other "entities, programs, or activities". Also, R.S. 49:193.1(A) authorizes each standing committee to ". . . conduct a more extensive evaluation of selected statutory entities under its jurisdiction or of particular programs of such entities. . . .". Finally, we refer you to R.S. 49:194, and in particular, Section (A) thereof, which indicates that the evaluation of and re-creation of programs is a process distinct from that of evaluating and re-creating statutory entities.
Given the myriad of terms at the Legislature's disposal to describe the SBBAP, it is significant that the word "Program" was chosen; the Legislature ". . . is not presumed to insert superfluous, useless and meaningless words, sentences, phrases, or clauses in its enactments". Colwell v. State Office of Atty. Gen., 506 So.2d 941 (La.App. 1st Cir. 1987).
In our opinion, when the Legislature created the SBBAP, it created a "program", and not a "statutory entity".
With regard to your second and third questions, it is the opinion of this office that authorization for the two SBBAP positions contained in the Appropriations Act is subject to constitutional challenge, and that the funds appropriated for the program should therefore not be expended or utilized to fund those positions.
La. Const. (1974) Art. III, Sec. 16(C) defines the scope of the general appropriations bill, and provides:
 "The general appropriation bill shall be itemized and shall contain only appropriations for the ordinary operating expenses of government, public charities, pensions, and the public debt or interest thereon."
Because the SBBAP was terminated prior to the commencement of the 1993-94 fiscal year, and was not re-created, it cannot be considered to be an "ordinary operating expense of government". Therefore, the appropriation for the SBBAP exceeds the constitutional limitations placed upon the Appropriations Act. In this regard we refer you to the decision rendered in Peck v. City of New Orleans, 5 So.2d 508 (La. 1941), which held that an appropriation for voting machines was valid only because a constitutional amendment authorizing the use of voting machines was passed in the same year. At page 523 of that decision, the Court stated:
 "Certainly, the validity of the appropriation in item 72 of the Act was dependent upon the approval by the people of the constitutional amendments authorizing the use of voting machines, and, if the people had not approved such use, the appropriation would have lapsed."
Furthermore, it is well established that the general appropriation bill may not incorporate substantive law. Henry v. Edwards, 346 So.2d 153 (La. 1977); Attorney General's Opinion No. 89-25. The only non-appropriation provisions properly included in the general appropriation bill are conditions and limitations which "exhibit such a connexity with money items of appropriation that they logically belong in a schedule of expenditures". Henry, supra. See also State ex rel. Assistant Dist. Attys. Ass'n v. Theriot, 242 So.2d 49 (La.App. 1 Cir. 1970); Attorney General's Opinion No. 75-1564.
It is our opinion that the re-creation of the SBBAP cannot be inferred from the references to the SBBAP contained in the Appropriations Act, as to do so would give those references the effect of substantive legislation, in violation of the authorities cited herein.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav