Dear Rep. DeWitt and Sen. Hainkel:
You each requested the opinion of this office concerning the obligations of the State in connection with the settlement entered into by the Department of Health and Hospitals in the matter entitled LeeBarthelemy, et al. v. Louisiana Department of Health and Hospitals, Civ. Action No. 00-1083, Section "N" Mag. 3, U.S. District Court for the Eastern District of Louisiana. Because your opinion requests are so similar, we have combined both requests into one opinion.
The Barthelemy suit was filed in 2000 on behalf of physically disabled individuals who were receiving care in nursing facilities and also by the Resources for Independent Living ("RIL"). The suit alleged that the Louisiana Department of Health and Hospitals ("DHH") violated the Americans with Disabilities Act by failing to offer and provide services in the most integrated setting and the Medicaid Act by failing to provide persons a choice between institutional and community services and failing to provide services with reasonable promptness. Accordingly, RIL challenged DHH's failure to provide adequate and prompt services under the Personal Care Attendant ("PCA"), Elderly and Disabled Adult ("EDA"), and Adult Day Health Care ("ADHC") Medicaid waivers.
On August 3, 2001, RIL and DHH entered into a settlement agreement to avoid further litigation. The settlement agreement was approved by the Court on October 17, 2001. The court order stays the litigation and states that ". . . the Agreement is entered as the Court's Order".
We have been advised by DHH that the settlement agreement required DHH to seek approval from the federal government for PCA services as a Medicaid state plan option and implement this option by January, 2002. DHH was unable to comply with this provision of the settlement. The parties then began negotiating a supplemental settlement that delayed the implementation date of the PCA state plan option from January 1, 2002 to July 1, 2003. The supplemental settlement agreement was signed by the parties on January 30, 2003 and it was approved by the court on March 31, 2003.
As to whether the Louisiana legislature is required under Louisiana law to appropriate funds for this State obligation, our courts have stated:
 It is elementary that the "fiscal affairs of the state, the possession, control, administration, and disposition of the property, funds, and revenues of the state, are matters appertaining exclusively to the legislative department." State v. Duhe, 201 La. 192, 9 So.2d 517, 521 (1942) (citing Carter v. State, 42 La. Ann. 927, 933, 8 So. 836, 837 (1890)).
Meredith v. Ieyoub, 96-1110, p. 5 (La. 9/9/97), 700 So.2d 478, 481.
The legislature has absolute control over the finances of the state, except as limited by constitutional provisions. Woodard v. Reily,244 La. 337, 152 So.2d 41 (La. 1963). It is the legislature that decides how the branches and departments of government shall be funded from the public fisc. Segura v. Louisiana Architects Selection Board, et al.,353 So.2d 330 (La.App. 1st Cir. 1977); Louisiana Public FacilitiesAuthority v. Foster, 2001-0009 (La. 9/18/01), 795 So.2d 288; Quarles v.Jackson Parish Police Jury, 482 So.2d 833 (La.App. 2 Cir. 1986), citingState ex rel. Assistant Dist. Attys. Ass'n v. Theriot, 242 So.2d 49
(La.App. 1 Cir. 1970). The power to appropriate funds to operate state government belongs exclusively to the legislature. La. Const. Art. III, Sec. 16; Bruneau v. Edwards, 517 So.2d 818 (La.App. 1st Cir. 1987). An appropriation is a legislative act of authorization for the withdrawal of public funds by warrant from the state treasury by designated officers or institutions for expenditure for certain public purposes specified by the legislature. La. Const. Art. III, Sec. 16; Ops.Atty.Gen. 91-174, 02-0243.
Except as expressly provided by the Constitution, no other branch of government, nor any person holding office in one of them, may exercise the legislative function. New Orleans Firefighters Association v. CivilService Commission of the City of New Orleans, 422 So.2d 402, 406 (La. 1982); Louisiana Association of Educators v. Edwards, 521 So.2d 390 (La. 1988).
Thus, under the Louisiana Constitution, the legislature and only the legislature has the authority to determine whether or not it will fund the plans DHH agreed to implement under the Barthelemy
settlement.
However, should the legislature determine not to appropriate the funds necessary to implement the settlement, we must note that there could be significant repercussions to the State.
The lawsuit has not been dismissed but is still pending before the federal court. The settlement agreement was incorporated in the Court's order. If DHH does not fund the program, it will be in violation of a federal court order. To bring a settlement agreement under the contempt power of the district court, an order or judgment of the court must incorporate the settlement agreement such that a breach of the agreement also violates the court's decree. National Presto Indus. Inc. V. DazeyCorp., 107 F.3d 1576 (Fed. Cir. 1997). A consent decree, enforceable by the court, is a settlement agreement that contains an injunction.Masters Mates v. Riley, 957 F.2d 1020 (2d Cir. 1991). Federal district courts have inherent and statutory power to enforce their decrees and to punish violators for contempt. Roadway Express. Inc. v. Piper,447 U.S. 752, 764-65 (1980). The federal courts have jurisdiction to enforce settlement agreements when necessary "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees". Kokkonen v. Guardian LifeInsurance Company of America, 511 U.S. at ___, 114 S.Ct. 1673,128 L.Ed.2d 391 (1994); In re City Equities Anaheim. Ltd., 22 F.3d 954, 957
(9th Cir. 1994); Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). If the parties' obligation to comply with the terms of the settlement agreement is made part of the courts' order "a breach of the agreement would be a violation of the order". Kokkonen, supra. The power to implement a settlement agreement between the parties inheres in the district court's role as supervisor of the litigation, and the exercise of that power is entrusted to the court's sound discretion. Carr v.Runyan, 89 F.3d 327, 331 (7th Cir. 1996), cert. denied, 519 U.S. 1117
(1997); Wilson v. Wilson, 46 F.3d 660, 664 (7th Cir. 1995).
The district court's enforcement power includes the authority to award damages for failure to comply wit the settlement agreement, Hobbs Co. V. American Investors Management, Inc., 576 F.2d 29 (3d Cir. 1978); breach of the agreement entitled the nonbreaching party to specific performance or an award of unliquidated damages, as appropriate. Villageof Kaktovik v. Watt, 689 F.2d 222 (D.C. Cir. 1982). Under certain circumstances, a district court may summarily enforce a settlement agreement without an evidentiary hearing. See, e.g., Murchison v. GrandCypress Hotel Corp., 13 F.3d 1483, 1486 (11th Cir. 1994); United Statesv. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993). The court also has the power to compel the payment of opposing party's attorney's fees as sanction for misconduct. Chambers v. NASCOI, Inc., 501 U.S. 32,111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: June 12, 2003