Dear Rep. Faucheux:
You requested the opinion of this office concerning whether the State is responsible for start up costs for the construction of a facility as per R.S. 15:1094 — 15:10994.6 and HB 1743 of the 2003 Regular Session of the Louisiana Legislature ("H.B. 1743).
R.S. 15:1094 creates the Florida Parishes Juvenile Justice District (the "District") as a political subdivision of the State with territorial jurisdiction of the five parishes that make up the Twenty-First and Twenty-Second Judicial Districts. The Florida Parishes Juvenile Justice Commission (the "Commission") was created to control, administer, and manage the affairs of the District. R.S. 15:1094.1. The purpose of the Commission is to assist and afford opportunities to children who enter the juvenile justice system, or who are children in need of care or supervision, to become productive, law-abiding citizens of the community, parish, and state by the establishment of rehabilitative programs within a structured environment and to provide physical facilities and related services for children throughout the parishes of Livingston, St. Helena, St. Tammany, Tangipahoa and Washington. R.S.15:1094.2.
The board is given the authority to purchase or otherwise acquire, construct, reconstruct, rehabilitate, improve, repair, operate, lease, mange and administer or enter into contracts for the management, administration and operation of a juvenile detention facility, shelter care facility or such other juvenile justice facility as are useful, necessary, expedient, or convenient to carry out the plans and purposes of the Commission. R.S. 15:1094.4. The Board is authorized to incur debt and issue bonds and may levy taxes pursuant to Article VI, Sections30 and 32 of the Louisiana Constitution or any other constitutional or statutory authority. The Commission is also authorized to issue general obligation bonds if approved by the voters. R.S. 15:1094.5.
R.S. 15:1094.6 provides as follows:
 A. On the basis of information provided in accordance with R.S. 15:1083, the Department of Public Safety and Corrections shall determine the actual cost of operating the juvenile detention facility situated in Tangipahoa Parish when the facility files a statement requesting participation and funding under this Part. The department shall enter into a contractual agreement with the participating regional detention facility, specifying the services to be provided and the dollar amount of the contractual agreement, which shall be the actual cost of operating the facility or program. This amount shall be paid in quarterly advances to the participating regional detention facility.
 B. In order to develop the detention facility
desperately needed in the state and region for juveniles who are clients of the Department of Public Safety and Corrections, the department shall provide start-up funds for the establishment of the facility or program. (Emphasis added).
It is our understanding that the Juvenile Detention Facility was constructed several years ago; however, a dispute arose between the contractor and the Commission and the contractor filed suit[1] against the Commission. A judgment was rendered against the Commission by the Twenty-First Judicial District Court. H.B. 1743 provides for an appropriation of $63,896.60 plus interest, court costs and expert witness fees to pay the judgment.
We were unable to find a Louisiana statute or jurisprudence that specifically defined start-up funds. The Internal Revenue Code,26 U.S.C. § 195(c) defines "start-up expenditures" to mean:
 "(1) Start-up expenditures. — The term "start-up expenditure" means any amount —
(A) paid or incurred in connection with —
 (i) investigating the creation or acquisition of an active trade or business, or
(ii) creating an active trade or business, or
 (iii) any activity engaged in for profit and for the production of income before the day on which the active trade or business begins, in anticipation of such activity becoming an active trade or business, and
 (B) which, if paid or incurred in connection with the operation of an existing active trade or business (in the same field as the trade or business referred to in subparagraph (A)), would be allowable as a deduction for the taxable year in which paid or incurred.
It is the opinion of this office that start up funds for the purpose of R.S. 15:1094.6 would include amounts necessary to investigate the creation of a juvenile detention facility, such as a feasibility report, or to actually cause the creation of the juvenile detention facility, such as capital costs for building rehabilitation, renovation and additions, new construction, equipment and furniture as well as operating costs such as personnel, supplies, etc.
As to whether the Louisiana legislature is required under Louisiana law to appropriate these start-up funds, our courts have stated:
 It is elementary that the "fiscal affairs of the state, the possession, control, administration, and disposition of the property, funds, and revenues of the state, are matters appertaining exclusively to the legislative department." State v. Duhe, 201 La. 192, 9 So.2d 517, 521 (1942) (citing Carter v. State, 42 La. Ann. 927, 933, 8 So. 836, 837 (1890)).
Meredith v. Ieyoub, 96-1110, p. 5 (La. 9/9/97), 700 So.2d 478, 481.
The legislature has absolute control over the finances of the state, except as limited by constitutional provisions. Woodard v. Reily,244 La. 337, 152 So.2d 41 (La. 1963). It is the legislature that decides how the branches and departments of government shall be funded from the public fisc. Segura v. Louisiana Architects Selection Board, et al.,353 So.2d 330 (La.App. 1st Cir. 1977); Louisiana Public FacilitiesAuthority v. Foster, 2001-0009 (La. 9/18/01), 795 So.2d 288; Quarles v.Jackson Parish Police Jury, 482 So.2d 833 (La.App. 2 Cir. 1986), citingState ex rel. Assistant Dist. Attys. Ass'n v. Theriot, 242 So.2d 49
(La.App. 1 Cir. 1970). The power to appropriate funds to operate state government belongs exclusively to the legislature. La. Const. Art. III, Sec. 16; Bruneau v. Edwards, 517 So.2d 818 (La.App. 1st Cir. 1987). An appropriation is a legislative act of authorization for the withdrawal of public funds by warrant from the state treasury by designated officers or institutions for expenditure for certain public purposes specified by the legislature. La. Const. Art. III, Sec. 16; Ops.Atty.Gen. 91-174, 02-0243.
Except as expressly provided by the Constitution, no other branch of government, nor any person holding office in one of them, may exercise the legislative function. New Orleans Firefighters Association v. CivilService Commission of the City of New Orleans, 422 So.2d 402, 406 (La. 1982); Louisiana Association of Educators v. Edwards, 521 So.2d 390 (La. 1988).
Thus, under the Louisiana Constitution, the legislature and only the legislature has the authority to determine whether or not to appropriate the start up costs of the Juvenile Detention Facility. Op.Atty.Gen. 03-0241.
We also call your attention to La. Const. Art. XII, Sec. 10(C) which provides in pertinent part: "No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against whom the judgment is rendered."
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RECEIVED:
DATE RELEASED: October 14, 2003
[1] J. Caldarera Company, Inc. v. Florida Parishes JuvenileJustice Commission bearing Number 94-00583 on the docket of the Twenty-First Judicial District Court, Parish of Tangipahoa.