Dear Senator Fields and Committee Members:
You have requested an Attorney General's opinion regarding Act 17 of the 2006 Regular Session, and the authority to implement a reimbursement program which withholds direct appropriations and reimburses according to cost reports. You indicate that in Schedule 20 of Act 17, numerous appropriations are made by the legislature from the state general fund directly to non-state entities, quasi-public entities and private agencies and entities for a public purpose. You further indicate that the guidelines issued by the Office of Contractual Review of the Division of Administration ("DOA") require that recipients of line item appropriations expend their own funds and seek reimbursement for such expenditures, rather than give the entities the appropriated funds up front. Your question is whether these guidelines and agreements, which mandate that the recipient entity must first demonstrate expenditures to be reimbursed, rather than implementing a direct disbursement of the appropriation pursuant to Act 17, encroach on the authority of the Legislature.
It is our understanding that the DOA's objective in disbursing Schedule 20 appropriations as a reimbursement of funds already expended by a recipient, rather than as a straight-forward payment of the funds appropriated in favor of the recipient, is to ensure that the purpose for which the funds are appropriated are met, and to minimize any potential for waste or abuse. This objective, in itself, is legitimate, in that all appropriations contained in Act 17 must comply with Art. VII, Sec. 14 of the Louisiana Constitution, including the appropriations contained in Schedule 20 of Act 17. However, for reasons explained below, the requirements contained in the DOA's guidelines and agreements are inconsistent with Act 17, and are thus an improper encroachment on the legislature's authority. *Page 2 
The legislature has absolute control over the finances of the state, except as limited by constitutional provisions. Woodard v. Reily, 244 La. 337, 152 So.2d 41 (La. 1963). It is the legislature that decides how the branches and departments of government shall be funded from the public fisc. Segura v. Louisiana Architects Selection Board, et al.,353 So.2d 330 (La.App. 1 Cir. 1977); Louisiana Public FacilitiesAuthority v. Foster, 2001-0009 (La. 9/18/01), 795 So.2d 288; Quarles v.Jackson Parish Police Jury, 482 So.2d 833 (La.App. 2 Cir. 1986), citingState ex rel. Assistant Dist. Attys. Ass'n v. Theriot, 242 So.2d 49
(La.App. 1 Cir. 1970). The power to appropriate funds to operate state government belongs exclusively to the legislature. La.Const. Art. Ill, Sec. 16; Bruneau v. Edwards, 517 So.2d 818 (La.App. 1 Cir. 1987). An appropriation is a legislative act of authorization for the withdrawal of public funds by warrant from the state treasury by designated officers or institutions for expenditure for certain public purposes specified by the legislature. La.Const. Art. Ill, Sec. 16; Ops.Atty.Gen. 91-174, 02-0243.
One limit on the legislature's power is La.Const. Art. IV, § 5(G), which provides:
 (G) Item Veto. (1) Except as otherwise provided by this constitution, the governor may veto any line item in an appropriation bill. Any item vetoed shall be void unless the veto is overridden as prescribed for the passage of a bill over a veto.
 (2) The governor shall veto line items or use means provided in the bill so that total appropriations for the year shall not exceed anticipated revenues for that year.
Therefore, the Governor may utilize this authority to terminate programs which do not comply with the requirements of the Constitution or laws. However, the authority to terminate or withhold funds may only be exercised during the time the Governor is allowed to veto items by law. Once Act 17 is signed, or upon expiration of the time periods for veto as set forth in the Constitution,[1] the Act becomes law, and the disbursement of state funds must be made in accordance with the provisions of Act 17. All laws, including Act 17, are presumed constitutional, unless determined to be unconstitutional. State v.Manuel, 426 So.2d 140 (La. 1983).
Section 18(B) of Act 17 establishes the requirements that a public or quasi-public agency or entity which is not a budget unit of the state must meet before any appropriated funds are transferred to it. The recipient agency is required, inter alia, to submit a comprehensive budget with specific detailed information, agree in writing to provide written reports concerning the use of the funds received, as well as any specific goals and objectives for the use of the funds. Where the recipient entity fails to use the funds within the applicable period or where the transferring agency determines that the recipient has failed to achieve the stated goals and objectives for the use of the funds, *Page 3 
Section 18(B) authorizes the transferring agency to demand the return of any unexpended funds to the state treasury.[2] Section 18(B) further subjects all recipient entities to audits under La.R.S. 24:513. These requirements in Act 17 appear to be the legislature's chosen mechanism to ensure that the appropriated funds are used to achieve the purpose for which they were appropriated and to minimize inappropriate use of the funds.
Once a recipient under Schedule 20 meets the requirements of Section 18(B) of Act 17, the recipient is entitled to receive the funds appropriated to it. The DOA's guidelines and reimbursement system of payment in question place conditions on the recipients of Schedule 20 appropriations, beyond those contained in Act 17.
It is therefore the opinion of our office that recipient entities under Schedule 20 of Act 17 are not required to expend their own funds and seek reimbursement from the state, provided all the requirements of Act 17 are met. Therefore, after Act 17 becomes law, funds under Schedule 20 should be disbursed according to the language in the Act itself, specifically the preamble and Section 18. However, it is important to note the initial requirements of Section 18(B) of Act 17 are the minimum requirements to receive funding, but may not be the only consideration in any decision on whether the funding or the program should continue in the future.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
ATTORNEY GENERAL
 BY:__________________________
 KENNETH L. ROCHE, III
Assistant Attorney General
[1] See La.Const. Art. Ill § 18 (2007).
[2] However, the recipient may retain the funds if it obtains the approval of the DOA and the Joint Legislative Committee on the Budget.