HALL, Judge.
This is a suit by Helen Lyles Adcock, a retired school teacher, against the Red River Parish School Board seeking to recover the amount of her accrued unused sick leave at the date of her retirement. From a judgment in favor of plaintiff for $583.17 (21 days at $27.77 per day), defendant appealed.
There is no dispute as to the facts. Plaintiff was employed for many years as a public school teacher by the Red River Parish School Board. She retired on May 31, 1969. At the time of her retirement her daily rate of pay was $27.77. She had accumulated twenty-one days of sick leave. Plaintiff’s suit against the School Board was authorized by House Concurrent Resolution No. 215 of the 1970 Regular Session of the Louisiana Legislature.
Plaintiff contends that she is entitled to be paid the amount of her accrued and unused sick leave at her regular rate of pay at the time of her retirement under the provisions of La.R.S. 17:425, as amended by Section 1 of Act 493 of 1966. Defendant contends that it has no responsibility to pay plaintiff for the reason that the Legislature has never appropriated funds for this purpose as provided for under the provisions of La.R.S. 17:1201 B., as amended by Section 1 of Act 493 of 1966.
Prior to the 1966 amendment, La.R.S. 17:425 and 1201 read as follows:
“§ 425. Payment of accrued sick leave upon retirement or death
“Notwithstanding any other provision of law, any parish or city school board, upon the retirement of any public school employee or upon his death prior to re *247 tirement, may pay to such employee or to his heirs or assigns all sick leave which has accrued to such employee but which remains unused at the time of his retirement or at the time of his death if prior to retirement, not to exceed 25 days of unused sick leave. Such pay shall be at the rate of pay received by the employee at the time of retirement or death prior to retirement. Acts 1958, No. 298, § 1; Acts 1960, No. 255 § 1.”
ífí jfc iff í{í jjc
“§ 1201. Amount of sick leave
“All teachers employed in the public schools of this state shall be entitled to and shall be allowed a minimum of ten days leave of absence, as sick leave or in case of other emergencies, per school years, without loss of pay; provided, teachers shall be allowed to cumulate any such unused sick leave to the extent of twenty-five days in any three year teaching period, and may at the option of the individual school board be allowed to cumulate any such unused sick leave without limitation; provided, further, that such cumulated sick leave shall be granted only when certified by a practicing physician, exempting only that payable under the provisions of R.S. 17 :- 425. The parish and city school boards may grant additional sick leave, without loss of pay, or with such reduction of pay as they may establish and fix. As amended Acts 1960, No. 255, § 3.”
Both sections were amended and re-enacted by Act 493 of 1966 to provide as follows :
“§ 425. Payment of accrued sick leave upon retirement or death
“Notwithstanding any other provision of law, any parish or city school board, upon the retirement of any public school employee or upon his death prior to retirement, shall pay to such employee or to his heirs or assigns all sick leave which has accrued to such employee but which remains unused at the time of his retirement or at the time of his death if prior to retirement, not to exceed twenty-five days of unused sick leave; provided, however, that public school teachers shall be paid an amount not to exceed forty-five days of unused sick leave. Such pay shall be at the rate of pay received by the employee or teacher at the time of retirement or death prior to retirement.”
>}{ ;ji ;{< j|< >}c
“§ 1201. Amount of sick leave
“A. All teachers employed in the public schools of this state shall be entitled to and shall be allowed a minimum of ten days leave of absence, as sick leave or in case of other emergencies, per school year, without loss of pay; provided that teachers shall be allowed to cumulate any such unused sick leave to the extent of twenty-five days in any three year teaching period, and may at the option of the individual school board be allowed to cumulate any such unused sick leave without limitation; provided, further, that such cumulated sick leave shall be granted only when certified by a practicing physician, exempting only that payable under the provisions of R.S. 17:425. The parish and city school boards may grant additional sick leave, without loss of pay, or with such reduction of pay as they may establish and fix.
“B. Any teacher who has been in the teaching service for at least five years and any teacher who hereafter acquires at least five years in the teaching service shall be allowed to cumulate an additional twenty days of unused sick leave over and above that allowed to be accumulated under the provisions of subsection A of this section. Out of funds appropriated by the Legislature therefor, the State Board of Education shall allocate to each of the parish and city school boards, in each year, such amounts of funds as are necessary to enable each such school board to pay the costs of this additional sick leave program and also shall allocate *248 to each, in each year, such amounts as are necessary to pay the costs arising, with respect to such additional twenty days of accumulated sick leave, under the provisions of R.S. 17:425 the cumulated sick leave provided for in this subsection shall be in addition to that provided for in subsection A above.”
It should be noted that La.R.S. 17:1201 was again amended and re-enacted by Act 112 of 1969, which went into effect June 30, 1969, subsequent to plaintiff’s retirement. Plaintiff’s rights and defendant’s obligations must, however, be determined under the law as it existed on the date of her retirement, prior to the 1969 amendment.
Insofar as La.R.S. 17:425 is concerned, the 1966 amendment, by substituting the word “shall” for “may”, made payment of accrued sick leave upon retirement or death of a school board employee mandatory where it had previously been discretionary. The amendment further increased the maximum number of days for which teachers should be paid from twenty-five to forty-five.
The 1966 act amended La.R.S. 17:1201 by adding subsection B, which provided that after five years of service teachers shall be allowed to cumulate an “additional” twenty days of sick leave over and above the twenty-five days provided in subsection A. The new subsection B further provided that out of funds appropriated by the Legislature, the State Board of Education shall allocate to the school boards the necessary funds to pay the costs of “this additional” sick leave program (meaning the additional twenty days provided for in the first sentence of subsection B) and the costs arising with respect to the additional twenty days under the provisions of La.R. S. 17:425.
Although that part of subsection B dealing with appropriation of funds by the Legislature contains grammatical or punctuation errors, the meaning is clear. The reference to an appropriation by the Legislature refers only to the cost of the “additional” twenty days over and above the twenty-five days provided for in subsection A of Section 1201 and in Section 425. The provisions relating to an appropriation of funds by the Legislature do not affect or have any bearing on a school board’s mandatory obligation to pay accrued sick leave up to twenty-five days upon death or retirement of a teacher.
Since plaintiff is seeking payment for only twenty-one days of accrued unused sick leave, the obligation of the defendant School Board to pay is in no way dependent or contingent upon an appropriation of funds by the Legislature or allocation by the State Board of Education.
For the reasons assigned, the judgment of the district court is affirmed, appellant to pay any costs with which it is taxable under the law.
Affirmed.