482 So.2d 833 (1986)
Mrs. Lennie W. QUARLES, Administratrix of the Succession of Hayward C. Quarles, Plaintiff-Appellant,
v.
JACKSON PARISH POLICE JURY and State of Louisiana, Through Department of Public Safety, Defendants-Appellees.
No. 17283-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1986.
Rehearing Denied February 20, 1986.
*834 Culpepper, Teat, Caldwell & Avery by Bobby L. Culpepper, Shreveport, for Mrs. Lennie W. Quarles.
John C. Blake, Dist. Atty., for Jackson Parish Police Jury.
*835 Charles E. Welsh, Asst. Atty. Gen., for Dept. of Public Safety.
Before HALL, C.J., and MARVIN, JASPER E. JONES, FRED W. JONES, Jr. and LINDSAY, JJ.
JASPER E. JONES, Judge.
This is an appeal of a judgment rejecting the demands of Hayward C. Quarles, a justice of the peace for the payment to him of employment related funds by the Jackson Parish Police Jury and the State of Louisiana. Hayward C. Quarles died while this case was pending on appeal. The duly qualified administratrix of the succession of Hayward C. Quarles, Mrs. Lennie W. Quarles, has been substituted as plaintiff. Mr. Quarles was a justice of the peace in Jackson Parish. The defendants are the Jackson Parish Police Jury and the State of Louisiana, through the Department of Public Safety. The judgment, in part, awarded plaintiff $50.00 a month from the State of Louisiana, pursuant to LSA-R.S. 13:2589, commencing April, 1980, and continuing as long as plaintiff remained a justice of the peace and the statute remained in effect. The judgment provided that payment was conditioned upon the Louisiana Legislature appropriating the funds for payment. The State of Louisiana answered the appeal contending there should have been no award until the funds were budgeted and appropriated by the legislature. The Jackson Parish Police Jury neither appealed nor answered the appeal.
We reverse the judgment against the State of Louisiana and affirm the remainder of the judgment.

FACTS
In April of 1980, Mr. Hayward C. Quarles was elected as justice of the peace for District D-Wards, 5, 6, 7, 8, 9 and 10 in Jackson Parish. He was re-elected in November of 1983. When his present term of office began in January of 1984, all justices of the peace received a monthly salary of $250.00 from the Jackson Parish Police Jury and a monthly supplement of $50.00 directly from the State of Louisiana through the Department of Public Safety. This was remuneration solely for criminal matters. In addition to the parish and state salaries, the justices received statutory fees for civil work. Plaintiff received an additional supplement from the parish of $150.00 per month. On February 13, 1984, the police jury voted to terminate the $150.00 monthly supplement to plaintiff and require that each justice file a monthly report stating what services were performed during that period.
On March 29, 1984, Mr. Quarles filed suit against the Jackson Parish Police Jury and the State of Louisiana through the Department of Public Safety. The suit demanded: (1) an order directing the Jackson Parish Police Jury to reinstate plaintiff's $150.00 monthly supplement, retroactive to February 13, 1984; (2) the police jury to institute a graded system of compensation for all justices of the peace; and (3) an order to the State of Louisiana, through the Department of Public Safety, to pay plaintiff an additional $50.00 per month salary, retroactive to the effective date of LSA-R.S. 13:2589 (July 1, 1975).
The assignments of error made by Mr. Quarles and the State of Louisiana present four issues for decision:
(1) Did the trial court err in failing to award plaintiff a money judgment against the Jackson Parish Police Jury in the amount of $150.00 per month, retroactive to February of 1984?
(2) Did the trial court err in denying plaintiff an unconditional judgment against the State of Louisiana for an additional $50.00 per month compensation pursuant to LSA-R.S. 13:2589?
(3) Was the trial court wrong to award plaintiff the $50.00 per month conditioned upon future legislative appropriation?
(4) Did the trial court abuse its discretion in assessing Mr. Quarles one-third of the court costs?

ISSUE # 1TERMINATION OF EMPLOYMENT BENEFITS BY THE JACKSON PARISH POLICE JURY
In early 1982 the appellant asked the police jury to assist him in paying justice of *836 the peace office expenses which included rent, utilities and a salary for a full time secretary. On February 8, 1982, the police jury voted to approve a supplemental monthly payment of $150.00 for the appellant's office expenses.[1]
In November of 1983, the appellant was re-elected to another term. He took office in January of 1984 and was then receiving the $150.00 monthly supplement from the parish. On February 13, 1984, the police jury voted to terminate this payment. The record does not indicate why this action was taken but does reveal two reports from the office of the attorney general for the State of Louisiana which concluded that the parish was not obligated to fund the office expenses of the justices of the peace. These reports were not made a part of the record and are not properly before us for review. The trial judge agreed with the police jury that this subsidy was an expense to the parish, not part of the appellant's salary, and that it could be withdrawn.
The appellant argues that the $150.00 per month payment constitutes an increase in his monthly compensation which the Jackson Parish Police Jury cannot decrease during his terms of office.

LAW ON COMPENSATION DUE A JUSTICE OF THE PEACE
Justice of the peace courts are constitutional offices exercising the judicial power of the State of Louisiana and presiding justices are judges within the contemplation of the law. LSA-Const. Art. 5, § 20 (1974); In Re. Wilkes, 403 So.2d 35 (La. 1981). The compensation of a judge may be increased, but shall not be decreased, during the term for which he is elected. LSA-Const. Art. 5, § 21 (1974); Drew v. Parker, 249 So.2d 356 (La.App. 1st Cir. 1971). The statutory authority for fees and salary due a justice of the peace are prohibitive in nature and reflect a legislative intent that this judge receive no other form of compensation. LSA-R.S. 13:2586,[2] *837 2586.1,[3] 2589;[4]Cf. State Ex. Rel. Guste v. City of New Orleans, 363 So.2d 678 (La. 1978) which invalidated a New Orleans city ordinance directing the city to pay one-half of New Orleans' judges' contribution to the state retirement system because it was contrary to legislative intent in enactment of LSA-R.S. 13:691(C) prohibiting judges from receiving additional compensation other than provided for therein. Justices of the peace are not among those judges authorized to receive reimbursement for office expenses. See LSA-R.S. 13:392, 13:698, 13:1341.2. There is no statutory authorization directing either the parish or the state to make any contribution to the office expense of a justice of the peace. See footnotes # 2, 3 and 4.
The record establishes that the $150.00 per month payment was intended to be, and in fact was, reimbursement for the appellant's office expenses. The appellant classified this sum as office rent in his petition and in the interrogatories filed with the petition. The minutes of the Jackson Parish Police Jury for February 8, 1982, and February 13, 1984, refer to the $150.00 sum as an allowance for office expense.
Mr. John Templeton, secretary-treasurer of the Jackson Parish Police Jury, testified the $150.00 per month sum was paid directly to the appellant for his office expense. Mr. Templeton stated the money was intended to be used to provide a centralized office for all the justices in the parish. Mr. Templeton testified the appellant's W-2 statement only reflected his taxable wages of $250.00 and did not include the $150.00 per month paid by the police jury on his office expenses.
The testimony of Mr. Templeton was corroborated by the testimony of three members of the police jury who were present when authorization for the payment was passed.
The appellant testified that it was the intent of the police jury that the $150.00 per month payment was to be considered as an increase in his salary.
The record clearly establishes that the intent of the Jackson Parish Police Jury on February 8, 1982, was to approve a monthly allowance for the appellant's office expense. Such an expense allowance for a justice of the peace is not "compensation" within the contemplation of the law.
We conclude that the trial court was correct in ruling that the Jackson Parish Police Jury was not obligated to continue this monthly expense allowance for the appellant.

ISSUES # 2-# 3WAS APPELLANT ENTITLED TO A JUDGMENT AGAINST THE STATE OF LOUISIANA
The appellant contends LSA-R.S. 13:2589 (see Footnote # 4) requires the State of Louisiana to pay him $100.00 per month salary during his term of office, and because he has only received $50.00 per month, he seeks a judgment against the state ordering the payment of the additional amount. He contends that this payment is not contingent upon further approval by the Louisiana Legislature.
"Except as otherwise provided by the Louisiana Constitution, no money shall be withdrawn from the state treasury except through specific appropriation ..." LSA-Const. Art. 3, § 16(A) (1974). Specific appropriations for the expenditure of state *838 funds is not restricted to approval in a yearly general appropriation act by the Louisiana Legislature and may take the form of special legislative enactments. Adcock v. Red River Parish School Board, 250 So.2d 246 (La.App. 2d Cir.1971). Evidence of legislative intent to pay certain sums without conditions or prerequisites, coupled with the authority to draw on one's own warrant, have been deemed controlling considerations in deciding whether a legislative enactment amounts to a specific appropriation. State Ex. Rel. Assistant Dist. Attys. Ass'n v. Theriot, 242 So.2d 49 (La. App. 1st Cir.1970), writ denied, 257 La. 275, 242 So.2d 247 (1971); Adcock v. Red River Parish School Board, supra. In such cases the enactment is self-operative and no further legislative approval is needed to authorize the state treasurer to disburse the appropriate funds. Branton v. Parker, 233 So.2d 278 (La.App. 1st Cir. 1970), writ denied, 256 La. 359, 236 So.2d 497 (1970). The doctrine of contemporaneous construction is a well recognized tool of statutory interpretation and provides that when an administrative body has, over a period of time, placed an interpretation upon a legislative enactment, that interpretation is entitled to great weight. Ouachita Parish School Board v. Ouachita, 362 So.2d 1138 (La.App. 2d Cir.1978); Lieber v. Rust, 388 So.2d 836 (La.App.2d Cir.1980), affirmed, 398 So.2d 519 (La.1981), writ denied, 410 So.2d 1132 (La.1982).
The record establishes that the Department of Public Safety was responsible for administering the statutory subsidy for the justices of the peace contained in LSA-R.S. 13:2589. This agency determined that a uniform $50.00 per month payment for all of the justices in the state was the appropriate method in which to fund implementation of LSA-R.S. 13:2589. This funding decision has been approved by the legislature and implementation of this statutory subsidy has consistently been conditioned upon appropriate funding.[5] Also, no provision is made in LSA-R.S. 13:2589 for the justices of the peace to have the authority to withdraw the funds upon their own warrant.
The legislature has approved the Department of Public Safety's budget request for funding of the statute since 1979. This course of conduct, and the lack of a provision authorizing payment on the warrant to the justices of the peace, is strongly indicative of the intent of the legislature to limit full implementation of LSA-R.S. 13:2589. These circumstances establish that there was no intent by the legislature that LSA-R.S. 13:2589 be interpreted as a specific appropriation by special legislative act Theriot, supra; Branton, supra; Ouachita Parish School Board v. Ouachita, supra.
We conclude that LSA-R.S. 13:2589 does not amount to a specific appropriation and that the legislature may lawfully condition payments under this statute upon appropriate funding. The appellant has only those rights he has received to the $50.00 per month by direct appropriation from the legislature partially funding LSA-R.S. 13:2589. We hold that the appellant has no substantive right under the act to any retroactive reimbursement nor to any future payment until such time as appropriations have been made by the legislature.
We reverse the judgment against the State of Louisiana.

ISSUE # 4ASSESSMENT OF ONE-THIRD OF THE COURT COSTS AGAINST THE APPELLANT
The trial court has great latitude in the assessment of court costs and may cast a successful party for a pro rata share if there is an equitable basis for the decision. Womack v. Willis-Knighton Clinic, 412 So.2d 629 (La.App. 2d Cir.1982), writ denied, 413 So.2d 510 (La.1982); LSA-C.C.P. art. 1920.
The record reveals that the appellant sought to have the police jury create a *839 graded system of compensation but refused to submit the monthly reports necessary to formulate an appropriate plan. The record indicates that he filed only one report which was received by the police jury on March 7, 1984. The trial judge made specific mention of this failure in his reasons for judgment when he ordered the police jury to formulate a graded plan for compensation for the justices of the peace of Jackson Parish.
His money demands against the police jury were totally denied in the trial court and his judgment against the state was conditioned on funding by legislative appropriation.
We find no merit in appellant's contention that the trial court abused its discretion by assessing him with one-third of the cost. We conclude that the trial court had an equitable basis for assessing the appellant these costs.

CONCLUSION
We REVERSE AND SET ASIDE the judgment against the State of Louisiana and, AS AMENDED, AFFIRM the judgment appealed. We also assess all costs on appeal against appellant.[6]
HALL, C.J., dissents in part with written reasons.
MARVIN, J., dissents in part for reasons assigned by HALL, C.J.
HALL, Chief Judge, dissenting in part.
I respectfully dissent from that part of the majority opinion denying recovery by the plaintiff against the State of Louisiana of the balance of the additional salary for justices of the peace provided by LSA-R.S. 13:2589.
As stated in the majority opinion, justice of the peace courts are constitutional offices exercising the judicial powers of the State of Louisiana and presiding justices are judges within the contemplation of the law. LSA-Const. Art. 5 § 20; In re Wilkes, 403 So.2d 35 (La.1981). The compensation of a judge may be increased, but shall not be decreased, during the term for which he is elected. LSA-Const. Art. 5, § 21; Drew v. Parker, 249 So.2d 356 (La. App. 1st Cir.1971).
LSA-R.S. 13:2589 provides that every justice of the peace shall be paid by the state an additional salary equal to the amount paid justices of the peace by their respective parishes, in no event to exceed $100 per month for a justice of the peace. In the instant case the Police Jury has paid and is paying the plaintiff justice of the peace $250 per month; therefore, the maximum of $100 per month is the salary payable to the plaintiff by the state as provided by the statute.
At the time plaintiff was elected justice of the peace and commenced his term of office, the statute fixing his state salary as $100 per month was in effect. Art. 5, § 21 of the Constitution prohibits the legislature from decreasing the amount of the salary during the term for which a justice of the peace is elected, whether by failure to appropriate funds or otherwise. In Branton v. Parker, 233 So.2d 278, 287 (La.App. 1st Cir.1970), citing Houston v. Jumel, Man. Unrep.Cas. 362 (1880), the court held that "even though our state government is required to operate on a balanced budget, refusal to pay judicial salaries cannot be based upon an alleged lack of revenues."
I would hold that plaintiff is entitled to the salary provided by the statute in effect at the commencement of his term of office, and that the amount of the salary cannot be decreased by failure of the legislature to appropriate sums sufficient to pay the full amount of the salary provided by law. I would render judgment in favor of the plaintiff for the additional $50 per month due from the date his term of office commenced, there having been no plea of prescription or plea of laches or estoppel filed by the State in this case.
NOTES
[1] Taken from the minutes of the February 8, 1982 Jackson Parish Police Jury: "... Motion Mr. Watson seconded Mr. Thompson to pay $150.00/month on a centralized office for the Justices of the Peace and Constables. This single office will be located in the Holiway (sic) Building in Jonesboro and will be available for all parish Justices of the Peace and Constables to use. Motion carried...."
[2] § 2586. Fees of justice of the peace in civil cases

A justice of the peace may demand and receive the following fees and no others in civil matters:
(1) Filing and docketing each suit, five dollars;
(2) Writing, taking, and signing affidavits, one dollar;
(3) Copy of any document, or making transcript of appeal when required, for each one hundred words, fifty cents;
(4) Issuing citations, one dollar;
(5) Issuing copy of citations, fifty cents;
(6) Filing all documents, twenty-five cents;
(7) Rendering and entering any interlocutory judgment, one dollar;
(8) Rendering and entering a final judgment, one dollar;
(9) Issuing notice of judgment, one dollar;
(10) Issuing copy of notice of judgment, fifty cents;
(11) Issuing order of appeal, one dollar;
(12) Issuing notice of appeal, one dollar;
(13) Issuing copy of notice of appeal, fifty cents;
(14) Issuing writ of fieri facias, one dollar and fifty cents;
(15) Filing return on writ of fieri facias, twenty-five cents;
(16) Entering satisfaction of judgment, one dollar;
(17) Certified copy of judgment, one dollar;
(18) Issuing a subpoena for a witness, each, one dollar;
(19) Issuing copy of a subpoena for a witness, each, fifty cents;
(20) Issuing an attachment for a witness, one dollar;
(21) Issuing order and writ of subpoena duces tecum, one dollar;
(22) Issuing order and writ of attachment, sequestration, or injunction, one dollar and fifty cents;
(23) Filing of any of above writs, twenty-five cents;
(24) Filing and entering any return not provided for above, twenty-five cents;
(25) Writing, taking, and approving bond when required, one dollar;
(26) Executing a commission to take testimony, one dollar. [emphasis added]
[3] § 2586.1. Compensation of justices of the peace and constables in criminal matters

Justices of the peace and constables shall receive no fees in criminal matters or in peace bond cases, but in lieu thereof they shall receive such salaries as are fixed by the parish governing authority and paid by the parish, which salaries shall be graded. [emphasis added]
[4] § 2589. Amount of additional salary for justices of the peace and constables

Every justice of the peace and every constable for each justice of the peace court in the state shall be paid by the state an additional salary equal to the amount paid justices of the peace and constables by their respective parishes, in no event to exceed one hundred dollars per month for a justice of the peace and fifty dollars per month for a constable. [emphasis added]
[5] See Acts 1979, No. 10, § 1, 5; Acts 1980, No. 11, §§ 1, 4, 5; Acts 1981, No. 12, §§ 1, 4, 5; Acts 1982, No. 13, §§ 1, 4, 5; Acts 1983, No. 14, §§ 1, 5, 6; Acts 1984, No. 15, §§ 1, 5, 6 and Acts 1985, No. 16, §§ 1, 5 and 6.
[6] This case has been decided by a five-man panel which was required by LSA-Const. Art. 5, § 9 (1974), because one of the judges on the original three-man panel dissented from the determination to reject entirely the plaintiff's claim against the State of Louisiana.