649 So.2d 61 (1994)
Fred G. REDWINE and Newton Paul, Jr.
v.
STATE of Louisiana, et al.
No. 94 CA 0160.
Court of Appeal of Louisiana, First Circuit.
December 22, 1994.
Opinion Granting Rehearing for Limited Purpose February 2, 1995.
Daniel E. Broussard, Alexandria, for plaintiffs/appellants, Fred G. Redwine and Newton Paul, Jr.
*62 Roger G. Broussard, Baton Rouge, for defendant/appellee-appellant State, through Dept. of Public Safety and Corrections.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment in a class action suit for declaratory judgment, injunctive relief, and damages.

FACTS
The individual plaintiffs and members of the plaintiff classes were the duly qualified and elected justices of the peace and/or constables in the State of Louisiana for terms of office beginning January 1, 1985. Prior to July 1, 1988, the plaintiffs and members of the plaintiff classes were receiving $50.00 per month from the State of Louisiana, through the Department of Public Safety and Corrections, under the provisions of LSA-R.S. 13:2591. By Acts 1988, No. 19, the Louisiana Legislature failed to appropriate any money for supplemental pay for justices of the peace and constables in the 1988-89 budget. On or about July 15, 1988, plaintiffs and members of the plaintiff classes received notice from the Department of Public Safety and Corrections that, beginning July 1, 1988, it was terminating the $50.00 monthly pay supplement to plaintiffs and members of the plaintiff classes. Through the date of the trial of this matter, the Department of Public Safety and Corrections did not subsequently pay the $50.00 monthly compensation to the plaintiffs and members of the plaintiff classes.
On October 6, 1988, the individual plaintiffs, Fred G. Redwine and Newton Paul, Jr., filed the instant class action suit for declaratory judgment, injunctive relief, and damages. Named as defendants in the action were the State of Louisiana and the State of Louisiana, through the Department of Public Safety and Corrections, collectively referred to as the Department. By order, dated January 16, 1990, the class, constituted of all persons who held elective offices of justice of the peace or constable of the State of Louisiana on or after July 1, 1988, was certified.[1]
Thereafter, the trial court rendered judgment in favor of the plaintiffs and members of the plaintiff classes, declaring that the termination of the $50.00 per month salary supplement during the elective term ending December 31, 1990, was in violation of LSA-Const. Art. 5, § 21 and Art. 10, § 23. The trial court also awarded each plaintiff and each member of the plaintiff class who held offices of justice of the peace or constable within the State of Louisiana the sum of $50.00 per month from July 1, 1988, through December 31, 1990, together with legal interest thereon from the due date of each payment until paid.[2] The trial court denied plaintiffs request for injunctive relief and cast the Department with costs in the amount of $282.50.
From the adverse judgment, plaintiffs appeal, assigning the following errors:
1. The trial court erred as a matter of law in failing to award plaintiffs' damages after December 31, 1990.
2. The trial court erred as a matter of law in failing to grant plaintiffs' injunctive relief.[3]
The Department also appealed the trial court judgment, assigning the following errors:
1. The trial court erred as a matter of law in ordering defendant to pay fifty dollars per month per class ... [member] from July 1, 1988 to December 31, 1990.

*63 2. The trial court erred in awarding costs to petitioners.[4]
3. The trial court erred in finding the action of the Louisiana Legislature to be violative of La. Const. Art. 5, Sect. 21 and Art. 10, Sect. 23 without finding LSA-R.S. 13:2591 to be unconstitutional.

COMPENSATION DUE A JUSTICE OF THE PEACE OR CONSTABLE
Justices of the peace courts are constitutional offices exercising the judicial power of the State of Louisiana, and presiding justices are judges within the contemplation of the law. LSA-Const. Art. 5, § 20; In Re Wilkes, 403 So.2d 35, 44 (La.1981); Quarles v. Jackson Parish Police Jury, 482 So.2d 833, 836 (La.App. 2nd Cir.), writ denied, 486 So.2d 750 (La.1986). LSA-Const. Art. 5, § 21 provides that "[t]he term of office, retirement benefits, and compensation of a judge shall not be decreased during the term for which he is elected."
Constables are elected public officials, and pursuant to LSA-Const. Art. 10, § 23 "[t]he compensation of an elected public official shall not be reduced during the term for which he is elected."
Generally, the legislature may do anything which the Constitution does not prohibit. Medlen v. State, 418 So.2d 618, 624 (La.1982). Therefore, although the legislature may enact laws regarding judges and elected public officials, the clear language of the Constitution prohibits the legislature from reducing the salary of judges and other elected public officials during their terms of office.
In the instant case, at all times pertinent hereto, LSA-R.S. 13:2591 A, formerly LSA-R.S. 13:2589,[5] provided as follows:
Every justice of the peace and every constable for each justice of the peace court in the state shall be paid by the state an additional salary equal to the amount paid justices of the peace and constables by their respective parishes, in no event to exceed one hundred dollars per month for a justice of the peace and fifty dollars per month for a constable.
The parties stipulated that the individual plaintiffs and members of the plaintiff classes were duly elected and qualified justices of the peace and/or constables, elected for terms of office beginning January 1, 1985. The parties further stipulated that, prior to July 1, 1988, when the Department ceased paying the $50.00 salary supplement, the individual plaintiffs and members of the plaintiff classes received $50.00 per month from the Department pursuant to LSA-R.S. 13:2591. In 1988, the legislature failed to appropriate any money for the pay supplement for justices of the peace and constables in the 1988-89 budget. On July 15, 1988, the Department notified the justices of the peace and constables that, beginning July 1, 1988, it was discontinuing the $50.00 monthly pay supplement. The pay supplement was not reinstated as of the date of the trial.[6]
The Department contends that the trial court erred in ordering it to pay fifty dollars per month per class member from July 1, 1988, to December 31, 1990. The Department argues that LSA-R.S. 13:2591 envisions a salary supplement for justices of the peace and constables, provided funds are available and appropriated by the legislature. The Department reasons that, if the legislature does not appropriate the necessary monies to fund these salary supplements, it is not required to remit salary supplements to the justices of the peace or constables. In support of this position, the Department relies on Quarles v. Jackson Parish Police Jury, 482 So.2d at 833. We disagree.
*64 The Department's reliance on Quarles is clearly misplaced. In Quarles, a justice of the peace was re-elected to a term of office commencing January, 1984. When this term of office commenced, all justices of the peace were receiving a monthly salary of $250.00 from the parish police jury and a monthly supplement from the Department of $50.00. In addition to the parish and state salaries, the justices received statutory fees for civil work. The justice of the peace also received an additional salary supplement of $150.00 from the parish. In February, 1984, the parish police jury voted to terminate the $150.00 salary supplement. The justice of the peace filed suit against the parish and the Department. In his suit against the Department, the justice sought an order requiring the Department to pay him an additional $50.00 over and above the $50.00 he currently received from the Department pursuant to LSA-R.S. 13:2589.[7] In refusing to require the Department to fund the full $100.00 set forth in the statute, the court in Quarles stated that the language in LSA-R.S. 13:2589 did not amount to a specific appropriation of the full $100.00. The court noted that the justice of the peace had only those rights to receive the initial $50.00 per month which had been directly appropriated by the legislature, when it partially funded the salary supplements under LSA-R.S. 13:2589.
The issue before the court in Quarles was not the plaintiff's entitlement to the $50.00 salary supplement in effect at the time his term of office commenced. Accordingly, the facts of Quarles are clearly distinguishable from the facts in the instant case, and the holding in Quarles is inapplicable to the instant case.
Under LSA-R.S. 13:2591, the salary of justices of the peace and constables includes a minimum salary supplement of $50.00 per month. The constitution prohibits the reduction of the salary of justices of the peace and constables, including the $50.00 monthly pay supplement, during their terms of office. As such, the Department could not lawfully refuse to remit the $50.00 monthly pay supplement to the plaintiffs and members of the plaintiff classes.
We note that during the 1988 legislative session, the legislature did not amend LSA-R.S. 13:2591 A to remove or qualify the salary supplement to the availability of funds or the appropriation of funds in the appropriations bill.[8] The legislature cannot do indirectly what the constitution prohibits it from doing directly.
We note that, by Acts 1992, No. 897 the legislature amended and reenacted LSA-R.S. 13:2591 A to include language that the salary supplements were predicated upon the appropriation of funds by the legislature. The amended version of LSA-R.S. 13:2591 A, effective August 21, 1992, currently provides as follows:
Every justice of the peace and every constable for each justice of the peace court in the state shall be paid by the state an additional salary equal to the amount paid justices of the peace and constables by their respective parishes, in no event to exceed one hundred dollars per month, provided funds are available and appropriated by the legislature. (Emphasis added.)
Clearly, for all justices of the peace and constables whose terms of office commenced *65 after the effective date of the 1992 amendment to LSA-R.S. 13:2591, the monthly salary supplement, not to exceed $100.00 per month, may be dependent upon the availability and appropriation of funds by the legislature; however, justices of the peace and constables whose terms of office commenced prior to the effective date of the 1992 amendment to LSA-R.S. 13:2591 are entitled to the salary supplement of $50.00 per month.
Because of our determination that plaintiffs and members of the plaintiff classes are entitled to the $50.00 pay supplement during the terms of office commenced prior to August 21, 1992, we find it unnecessary to address the other issues raised on appeal.

CONCLUSION
For the reasons set forth above, the judgement of the trial court is affirmed in all respects. Costs of this appeal, in the amount of $513.39, are assessed against the Department.
AFFIRMED.

ON REHEARING.
PER CURIAM.
It has been called to our attention in an application for rehearing that, although we determined that the plaintiffs and the members of the plaintiff classes are entitled to the $50.00 monthly pay supplement during the terms of office commenced prior to August 21, 1992, we failed to modify the trial court judgment to award the plaintiffs the salary supplement after December 31, 1990.
Clearly, all justices of the peace and constables included as appropriate plaintiffs in this litigation who were elected to terms of office which commenced prior to August 21, 1992 (the effective date of Acts 1992, No. 897), are entitled to the $50.00 monthly pay supplement. As such, the trial court judgment should have been amended to award the plaintiffs and the members of the plaintiff classes the monthly salary supplement from January 1, 1991, through July 31, 1994.
Therefore, the application for rehearing is granted for the limited purpose of amending the conclusion and decree of our original judgment to provide as follows:
For the above reasons, the trial court judgment is amended to award the plaintiffs and the members of the plaintiff classes the sum of $50.00 per month from January 1, 1991, through July 31, 1994, together with legal interest thereon from each payment's due date until paid. In all respects, the judgment of the trial court is affirmed. Costs of this appeal, in the amount of $513.39, are assessed against the Department.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] The order also declared that the judgment would be binding on all members of the class who failed to give written notice of their exclusion from the class on or before February 1, 1990. Fifty-eight justices of the peace and/or constables were subsequently excluded from the class action by order dated December 21, 1990.
[2] Specifically excluded from the judgment were the members excluded from the class by the December 21, 1990, order.
[3] At oral argument and in a supplemental brief submitted to this court, counsel for plaintiffs notified the court that by Acts 1994, No. 15, effective August 15, 1994, the legislature funded the supplemental salary payments for elected justices of the peace and constables and that the plaintiffs were presently receiving the salary supplement. Counsel argued that the reinstatement of the salary supplement rendered moot his claim for injunctive relief. Therefore, this issue is no longer before the court.
[4] The Department failed to brief this error on appeal. Under the Uniform Rules, Courts of Appeal, Rule 2-12.4, the failure to brief an error constitutes an abandonment of that issue on appeal.
[5] LSA-R.S. 13:2589 was redesignated as LSA-R.S. 13:2591 on the authority of LSA-R.S. 24:253 in 1986.
[6] By Acts 1994, No. 15, effective August 15, 1994, the legislature funded the supplemental salary payments for elected justices of the peace and constables.
[7] At the time of the court's decision in Quarles v. Jackson Parish Police Jury, 482 So.2d 833 (La. App. 2nd Cir.), writ denied, 486 So.2d 750 (La. 1986), LSA-R.S. 13:2589 provided as follows:

Every justice of the peace and every constable for each justice of the peace court in the state shall be paid by the state an additional salary equal to the amount paid justices of the peace and constables by their respective parishes, in no event to exceed one hundred dollars per month for a justice of the peace and fifty dollars per month for a constable.
[8] Although the Department contends that the trial court erred in finding the actions of the legislature would be violative of the constitution without finding LSA-R.S. 13:2591 unconstitutional, we note that the constitutionality of LSA-R.S. 13:2591 was not at issue in the instant case. The statute sets forth the salary supplement to which justices of the peace and constables are entitled. The plaintiffs and the members of the plaintiff classes challenged the legality of the reduction of their salary during their terms of office because of the failure to appropriate funds in the 1988-89 appropriations bill.