Dear Ms. Jackson:
You have requested an opinion of the Attorney General relative to the legal authority for the Village of Sicily Island (Village) to utilize public funds for the payment of health insurance premiums for the Mayor and the elected members of the Board of Aldermen (Board). You also request our review of a proposed ordinance (No. 72) which sets the amount of compensation for the Mayor and the Board.
In answer to your first question, we draw your attention to Article VII, Section 14 of the 1974 Louisiana Constitution. Section 14(A) generally prohibits the loan, pledge and/or donation of public funds, credit and property to any person, association or corporation, public or private. However, constitutional exceptions to this prohibition are found in Section 14(B) which provides, in pertinent part, the following:
 Nothing in this Section shall prevent (2) contributions of public funds to pension and insurance programs for the benefit of public employees.
As can be seen from the above, the Constitution enables state and local entities (e.g., the Village) to fund insurance programs for its employees and/or officials. This authority has been implemented by the Louisiana Legislature in R.S. 42:851 and33:5151, and recognized by Attorney General Opinion No. 96-153.
 R.S. 33:5151 provides as follows:
 A. Any municipality or political subdivision of the state may make contracts of insurance with any insurance company legally authorized to do business in this state insuring their employees and officials under policies of group insurance covering hospitalization, and retirement, for such employees and officials, and may agree to match the payments of the employees and officials for the premiums or charges for any such contracts payable out of the funds of such municipality or political subdivision, respectively.
 B. Nothing in this Section or in R.S. 42:851 shall be construed to limit the contribution of a local governmental subdivision toward the payment of premiums for accident and health protection for its employees or their dependents, or both.
As can be gleaned from the above, the Village is authorized to pay all or a portion of the premiums for health insurance for the Mayor and members of the Board. The payment must be accomplished through the passage of an ordinance, as well as the designation of funds for this purpose reflected in the Village's budget. We turn now to the consideration of proposed Ordinance No. 72.
Ordinance No. 72 proposes to fix the compensation of the Mayor and members of the Board at $350 per month. You state that the adoption of this ordinance will have the effect of reducing the health insurance premiums currently being paid on behalf of one of the Board members. You ask whether this reduction is permissible.
We initially draw your attention to R.S. 33:404.1 which provides:
 § 404.1. Compensation of municipal officers
 The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen may by ordinance increase or decrease their compensation and the compensation of any nonelected municipal officer and may increase the compensation of other elected officials. However, the board of aldermen shall not reduce the compensation of any elected official during the term for which he is elected. (Emphasis added.)
It is clear from the above provision that the compensation for the Mayor and Board members must be fixed by ordinance. Further, this office has consistently held that the payment and/or reimbursement of health insurance premiums constitutes a related benefit and/or "compensation" within the meaning of the above statute. Attorney General Opinion Nos. 96-153, 94-316, 92-547 and 91-314. Accordingly, the Village must adopt an ordinance fixing the compensation of the Mayor and members of the Board, which would include the payment of health insurance premiums.
We turn now to your final question, to wit: Is it legally permissible to pass an ordinance fixing the compensation of the Mayor and the Board which would have the effect of reducing the compensation (i.e., health insurance premiums) currently being paid on behalf of one of the members of the Board? As previously noted, R.S. 33:404.1 specifically provides:
 . . . However, the board of aldermen shall not reduce the compensation of the Mayor or any elected official during the term for which he is elected.
We also draw your attention to Article VI, Section 12 and Article X, Section 23 of the 1974 Louisiana Constitution, which provide:
 § 12. Local Officials; Compensation
 Section 12. The compensation or method of fixing the compensation of any elected official of any local governmental subdivision which operates under a home rule charter or plan of government, as provided in Sections 4 and 5 of this Article, shall be provided in its charter. The compensation or method of fixing the compensation of an elected official of any other local governmental subdivision shall be provided by law. Compensation of a local official shall not be reduced during the term for which he is elected. (Emphasis added.)
 § 23. Compensation of Elected Public Officials; Reduction
 Section 23. The compensation of an elected public official shall not be reduced during the term for which he is elected.
As can be seen from the above, both state law and constitutional provisions unequivocally prohibit the reduction of the compensation of an elected public official during the term for which he or she is elected. See also Redwine v. State,649 So.2d 61 (La.App. 1st Cir. 1994). As noted above, this prohibition extends to the reduction of payments for hospital insurance premiums. See Attorney General Opinion Nos. 96-513, 96-380, 96-241, 96-153, 94-310, 93-608, 92-547 and 91-314.
In summary, it is the opinion of this office that the compensation of the Mayor and Board of Aldermen must be fixed by Village ordinance. Health insurance premiums constitute a related benefit and/or compensation of elected officials. An ordinance fixing the compensation of the Mayor and the Board cannot reduce the salary and/or health insurance premiums currently being paid.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj