Dear Mr. Bethard:
You have requested an opinion of the Attorney General in your capacity as Legal Counsel for the Red River Parish School Board (Board). You state that the Board members, upon taking office, received a salary of $500 per month. Pursuant to R.S.17:56(A)(1), the Board increased the salary to $800 per month. The Board now wishes to rescind the salary increase and return to the previous salary of $500. You specifically ask whether this reduction in salary during the Board members' terms is legally permissible. If not, you ask what penalties or fines, if any, will Board members be subject to if they reduce their compensation.
In answer to your question, I refer you to Article VI, Section 12 and Article X, Section 23 of the 1974 Louisiana Constitution. They provide, in pertinent part, the following:
 Art. VI, § 12 Local Official; Compensation
 Section 12. The compensation or method of fixing the compensation of an elected official of any other local governmental subdivision shall be provided by law, Compensation of a local official shall not be reduced during the term for which he is elected.
 Art. X, § 23. Compensation of Elected Public Officials; Reduction
 Section 23, The compensation of an elected public official shall not be reduced during the term for which he is elected.
As can be gleaned from the above, our Constitution unequivocally provides that the compensation of an elected public official (i.e., school board member) cannot be reduced during the term for which he or she is elected. In Redwine v. State of Louisiana, etal, 649 So.2d 61 (La.App. 1st Cir. 1994), the court recognized this prohibition with regard to justices of the peace courts and constables. In holding that the State Legislature could not rescind a $50 per month pay supplement by failing to appropriate the supplement in the 1988-89 budget, the Court opined:
 Generally the legislature may do anything which the Constitution does not prohibit Therefore, although the legislature may enact laws regarding judges and elected public officials, the clear language of the Constitution prohibits the legislature from reducing the salary of judges and other elected public officials during their terms of office.
This same issue was previously addressed in Attorney General Opinion No. 91-238. Therein, the Union Parish School Board voted to raise their salary after taking office. Subsequent thereto, Board members desired to return to the pay level which existed at the beginning of their terms. Citing Article X, Section 23, we opined that, once the Board lawfully raises its salary, that salary may not be reduced for the duration of that same term. In accord are Attorney General Opinion Nos. 88-255, 87-142 and 87-137.
In answer to your second question, while the Constitution does not specifically provide penalties or fines for violations of Article VI, Section 12 and Article X, Section 23, we nevertheless opine that their proscriptions should be adhered to.
It should be noted that Board members may vote to reduce salaries for a future term. In addition, individual Board members may voluntarily reduce their compensation by failing to cash their paychecks or by donating back to the school all or part of their compensation. Attorney General Opinion No. 88-255.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3/sfj
Mr. Robert E. Bethard Assistant District Attorney 39th Judicial District P.O. Box 606 Coushatta, LA 71019
DATE RECEIVED: DATE RELEASED: March 13, 2000
Rob E. Harroun, III Assistant Attorney General