Dear Mayor Goldsby:
This office is in receipt of your request for an Attorney General's opinion. Therein, you state that an Amite City Councilman has proposed a plan to raise money for the purchase of property for a new park, raising certain issues that you have asked this office to address.
Specifically, the Councilman has proposed to "donate" the monthly cost of medical insurance coverage for his family, paid by the Town of Amite, at a cost of $589.60 per month, for a total of $28,300.80 for his entire four term. The Councilman proposes that the Town of Amite put this money aside toward the purchase of land for the park, instead of paying the Town of Amite's medical insurance provider for his family's coverage. You further advise that the Councilman in question has not, thus far, signed up as a participant in the medical insurance plan.
The Councilman in question would also like to "donate" his compensation for the last three years of his term for the park, at a value of about $8,100. According to your correspondence, the Councilman has already agreed to donate his compensation for his first year in office to a recreational organization.
Finally, you advise that as part of his proposal, the Councilman in question is asking the Town of Amite to match the funds he is willing to donate and put those matching funds toward the purchase of the property for the park.
With regard to the Councilman's proposed "donation" of the cost of his family's medical coverage, it is the opinion of this office that the Councilman is not in a position to donate same. The provision of health insurance coverage to employees does not typically give rise to a right on behalf of the employee to elect to receive the funds his employer would otherwise utilize to provide the employee with insurance, or to direct how those funds should be spent if the funds are not used for insurance. The funds in question remain the property of the employer (i.e., the Town of Amite), and the Councilman in question has no greater claim to the amount of the unexpended premiums than any other citizen of the Town of Amite. While the Councilman has every right to decline to avail himself of the right to enroll in the Town of Amite's health insurance plan, he does not thereby gain the right to determine how the funds the city saves will be spent.
The second issue raised by your request involves the proposed donation of the Councilman's compensation to the City for the park. With regard to this issue, we refer you to Article VI, Section 12, and Article X, Section 23 of the 1974 Louisiana Constitution. These articles provide, in pertinent part, the following:
Art. VI, § 12. Local Official; Compensation
 Section 12. The compensation or method of fixing the compensation of an elected official of any other local governmental subdivision shall be provided by law, Compensation of a local official shall not be reduced during the term for which he is elected.
Art. X, § 23. Compensation of Elected Public Officials; Reduction
 Section 23. The compensation of an elected public official shall not be reduced during the term for which he is elected.
These constitutional provisions unequivocally provide that the compensation of an elected public official cannot be reduced during the term for which he or she is elected. In Redwine v. State of Louisiana,et al, 649 So.2d 61 (La.App. 1st Cir. 1994), the court recognized this prohibition with regard to justices of the peace courts and constables. In holding that the State Legislature could not rescind a $50 per month pay supplement by failing to appropriate the supplement in the 1988-89 budget, the Court opined:
 Generally the legislature may do anything which the Constitution does not prohibit Therefore, although the legislature may enact laws regarding judges and elected public officials, the clear language of the Constitution prohibits the legislature from reducing the salary of judges and other elected public officials during their terms of office.
This same issue was addressed by this office in Attorney General Opinion No. 91-238. Therein, the Union Parish School Board voted to raise the salaries of school board members. Subsequently, the members desired to return to the lower pay level that existed at the beginning of their terms. Citing Article X, Section 23, we opined that the members could not reduce their compensation for the duration of their existing terms. In accord: Attorney General Opinion Nos. 88-255, 87-142 and 87-137. In Attorney General Opinion No. 88-255, this office opined that a public body could not reduce the compensation of its members during their terms of office. However, we also determined therein that the individual members of the public body were not prohibited from voluntarily reducing their compensation by failing to cash their paychecks, or by donating back to their employers all or a part of their compensation.
In our opinion the Town of Amite has an obligation to pay its Councilman and he may choose to donate his compensation to the Town. The Town of Amite has the discretion to accept or reject any donation, and the donor Councilman may make his donation conditional upon the use of the funds for the specific purpose of acquiring and improving a municipal park. In that case, the Town can only accept the donation if it is willing to meet the condition. La.C.C. Art. 1527.
With regard to the Councilman's request that the Town of Amite match his donated salary funds and put those matching funds toward the purchase of property for the park, it is our opinion that the Council, in its discretion and in accordance with the proper exercise of its legal authority, can elect to appropriate, if it so desires, any available funds for the purchase of property for the park.
Although you did not request that this office address the tax consequences of the proposed donation, we note that a donation of salary in the manner described does not necessarily relieve the Councilman of his obligation to pay state and federal income taxes. This office is not in a position to give tax advice, so the Councilman should contact his tax advisor regarding this issue.
Trusting this adequately responds to your inquiries, I am,
Very Truly Yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam