Dear Mr. Vallan:
You have requested an Attorney General's opinion by resolution of the Lafayette City-Parish Counsel regarding justices of the peace and their authority. The questions you have asked pertain to whether a justice of the peace can hold an individual in contempt of court and if the doctrine of judicial immunity applies to a justice of the peace.
To answer your first question we must determine if a justice of the peace is considered a judge and therefore entitled to judicial immunity. Justice of the peace courts are provided for in ArticleV of the 1974 Louisiana Constitution. They are constitutional offices exercising the judicial power of the state and presiding justices are judges within the contemplation of the law.[1]
The Code of Judicial Conduct is binding on all judges, including justices of the peace, and violations of canons in the Code can serve as a basis for disciplinary action.[2]
Louisiana jurisprudence on judicial immunity mirrors the federal doctrine. According to the doctrine of judicial immunity a judge is entitled to absolute immunity from liability for acts he performs in his judicial role which are integral to the judicial process.[3] Pursuant to the doctrine of judicial immunity, a justice of the peace is immune from liability for acts performed within his judicial capacity. Two elements must be proven to sustain a cause of action against a justice of the peace. First, the justice of the peace must be proven to have acted in bad faith. Second, proof must be shown that the justice of the peace acted beyond his jurisdiction.[4] Therefore, if a justice of the peace acts within his or her official capacity in good faith and within the scope of his jurisdiction, the doctrine of judicial immunity applies and he or she is insulated from liability resulting from these acts.
We now address your second question regarding a contempt finding and specifically if a justice of the peace can impose a jail sentence for such a finding of up to twenty-four (24) hours. Contempt of court is an act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.[5]
Furthermore, contempt can either be direct or constructive, each carrying its own procedures for punishment.[6] Likewise, contempt can also be criminal or civil in nature, but whether contempt is civil or criminal turns on the character and purpose of the sanction involved.[7] Contempt is therefore a charge separate and distinct from the underlying charges imposed upon the defendant.
A court, including a justice of the peace court, has the power to punish anyone for contempt if he or she interferes with the court's duty to conduct proceedings with dignity and in an orderly and expeditious manner. La. C.C.P. 4914 authorizes a justice of the peace to punish for direct contempt of court and states as follows:
 A justice of the peace may punish a direct contempt of court, as defined in La. C.C.P. Art. 222, by a fine of not more than fifty dollars, or imprisonment in the parish jail for not more than twenty-four hours, or both.[8]
Direct contempt of court is defined in La C.C.P. Art. 222, which states as follows:
 A direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowledge, or a contumacious failure to comply with a subpoena or summons, proof of service of which appears of record. Any of the following acts constitute a direct contempt of court:
 1) Contumacious, insolent, or disorderly behavior toward the judge, or an attorney or other officer of the court, tending to interrupt or interfere with the business of the court, or to impair its dignity or respect for its authority;
 2) Breach of the peace, boisterous conduct, or violent disturbance tending to interrupt or interfere with the business of the court, or to impair its dignity or respect for its authority;
 3) Use of insulting, abusive, or discourteous language by an attorney or other person in open court, or in a pleading, brief, or other document filed with the court in irrelevant criticism of another attorney or of a judge or officer of the court;
 4) Violation of a rule of the court adopted to maintain order and decorum in the courtroom;
 5) Contumacious failure to comply with the subpoena, proof of service of which appears of record, or refusal to take the oath or affirmation as a witness, or refusal of a witness to answer a non-incriminating question when ordered to do so by the court; and
 6) Contumacious failure to attend court to serve as a juror after being accepted as such, or to attend court as a member of a jury venire, when proof of service of the summons appears of record.
The power to punish for contempt of court, however, is one which is expressly granted to courts under La. C.Cr.P. Art. 16 et seq. La. C.Cr.P. Art. 22 sets forth that the court has discretion whether or not to punish for direct contempt (such as a contumacious failure to appear in court): "A person who has committed a direct contempt of court may be found guilty and punished therefore by the court . . ." (emphasis added). This language indicates that it is at the sole discretion of the court whether or not to issue arrest warrants for those persons who have committed contempt of court.
Therefore a justice of the peace has the authority to hold an individual in contempt of court and punish that individual with a fine of not more than fifty dollars or imprison that individual to not more than twenty-four hours in parish jail or both.
In conclusion it is the opinion of this office that a justice of the peace is protected by the doctrine of judicial immunity for those acts that are judicial in nature, provided the justice of the peace has not acted in bad faith or in the absence of jurisdiction. A justice of the peace also has the authority to hold an individual in contempt of court and punish them with a fine not more than fifty dollars or imprison that individual to not more than twenty-four hours in parish jail or both, only after due process has been afforded.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ________________________________
 MICHAEL CREIGHTON ASSISTANT ATTORNEY GENERAL
[1] Redwine v. State, 649 So.2d 61 (La.App. 1 Cir. 12/22/94).
[2] In re McInnis, 2000-1026 (La. 10/17/00) 769 So.2d 1186
[3] La R.S. 9:2798.1
[4] Grausus v. Ockmond, 409 So.2d 400 (La.App. 2nd Cir. 1982);Stump v. Sparkman, 435 U.S. 349 (1978)
[5] La. C.Cr.P. art. 20
[6] La. C.Cr.P. art. 22; La. C.Cr.P. art. 24
[7] Johnson Placke v. Norris, 38-300 (La.App. 2nd Cir. 5/12/04), 874 So.2d.
[8] LSA-R.S. 13:4611(2)